**HAYMAN v. PULLMAN CO. et al.**

**Civ. No. 25305.**

District Court, N. D. Ohio, E. D.

May 17, 1948.

Harold C. Heiss, of Cleveland, Ohio, for plaintiff.

Paul Lamb, of Cleveland, Ohio, for defendant.

FREED, District Judge.

The plaintiff, a minor, brought this action by her father against the Defendants to recover damages as compensation for the "great fright, humiliation, embarrassment and other mental and physical distress" caused to her by the "wilfull and wanton conduct" of the defendants' employees.

The complaint alleges inter alia that while plaintiff was a passenger on the Norfolk and Western Railroad enroute from Norfolk, Virginia to Cleveland, Ohio, the porter on her Pullman car became intoxicated and subjected her to humiliation and mortification to such an extent, that she was forced to leave the accommodations she had purchased for her trip.

After the defendants filed their respective answers, plaintiff's attorneys propounded thirteen interrogatories under Rule 33, 28 U.S.C.A. following section 723c, to the defendant, the Pullman Company, all of which but one were answered. Objection is made to interrogatory No. 5 which reads as follows: "What are the names and addresses of the passengers referred to in Question No. 4, (request for names and addresses of the passengers of Car No. 102 on the trip in question) who made or filed written complaints or protests regarding the conduct of the porter referred to and described in the complaint? Attach to your answer a copy of each of these protests or complaints, including those written by the Plaintiff and passenger, Mary M. Smith of Dallas, Texas."

The defendant argues that to compel the delivery of the plaintiff's own "self serving" statement would render Rule 33 pertaining to discovery "ludicrous". It further maintains that in the latter part of the interrogatory plaintiff is attempting to proceed under favor of Rule 34.

The defendant also contends that it need not answer the interrogatory, because the statements were obtained in the course of the investigation by its legal department and in any event they are inadmissible as evidence.

All these objections must be viewed in the light that Chapter V of the Rules of Civil Procedure was promulgated to aid, facilitate and expedite the preparation of a case for trial rather than to impede, retard or delay it. The rules have been in effect long enough, their intent and purpose have been sufficiently emphasized in the decided cases to make it needless to support this opinion by citations.

This Court is of the firm conviction that all the objections raised by the defendant Pullman Company are groundless.

The complaint made by the plaintiff at the time her alleged cause of action arose even though it may be self serving, if in the possession of the defendant, should be produced. The only reason that may be assigned for refusing to do it is

to make the element of surprise available to the defendant. The ultimate aim of the trial of a lawsuit is that it be a search for the truth. No possible right of the defendant may be prejudiced by disclosing all the evidence it possesses pertaining to the instant action. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

The defendant's objection based on the proposition that the statements requested could not become evidentiary is of no importance. Although some decided cases adhere to the judgment that admissibility in evidence is the controlling factor for disclosure under Chapter V of the rules, the prevailing view is to the contrary. The right to have data furnished by an opponent despite its nonevidentiary character is no longer open to dispute. The recent amendment to Rule 26(b) that: "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence" completely disposes of the contention of the defendant.

Whether the statements sought by the interrogatory were procured by the defendant's legal department, or otherwise reached its possession is immaterial. In either case they do not fall within the limitation laid down in Hickman v. Taylor, supra. The privilege not to disclose evidence there granted, as a matter of public policy, was limited to the personal files of counsel for one of the litigants and was not extended to evidence of the nature in controversy here.

The final objection to the effect that the plaintiff should resort to a motion under Rule 34 to obtain the desired information rather than to have it divulged under Rule 33, if sustained, would circumvent the very aim and purpose of the rule. Admittedly plaintiff could first ask in the interrogatory whether the statements requested are in defendant's possession and then proceed to file a motion to produce them. That method, however, would only serve to delay the ultimate result.

We have sought for decades to simplify court procedure. We have tried to elimi-nate the sparring match aspects of lawsuits. We have sought to minimize needless technicalities. Now that the tools are provided therefore in the simplified rules of procedure we must not retrogress.

Objection to interrogatory overruled.