**JACOBS et al. v. KENNEDY VAN SAUN MFG. & ENG. CORP.**

Civ. A. 4084.

United States District Court
M. D. Pennsylvania.
May 26, 1952.

The motion is opposed by the defendant on the ground that it is not made in good faith, is not necessary or relevant to the issues, is unreasonable and makes excessive demands, and is made to annoy, embarrass and oppress the defendant.

In determining whether or not plaintiff's motion should be granted, it is necessary to consider the nature of plaintiff's claim. The payment of dividends is, in general, a matter for the exercise of honest business judgment by the directors of a corporation. Courts are reluctant to interfere with the management of a business concern by individuals who have been selected by its owners to manage it. But when it appears that the persons who are charged with managing according to their business judgment are not exercising that judgment, but are profiting some participants in the enterprise at the expense of others, then courts do interfere to protect the participants to whom this wrong is being done. Kroese v. General Castings Corp., 3 Cir., 1950, 179 F.2d 760, 763, 15 A.L.R.2d 1117. The action of the board of directors is final unless on appeal to equity, fraud or abuse of discretion can be shown. Jones v. Motor Sales Co., 1936, 322 Pa. 492, 185 A. 809.

The plaintiff in this case makes charges in her complaint which, if true, would apparently bring her under this rule. She charges defendant corporation with having siphoned off money, which could have been used to pay accumulated dividend arrearages, to J. E. Kennedy, President of defendant corporation, and to his family, and further that defendant has withheld payment of dividends to the plaintiff in order to induce plaintiff to forego her rights to accumulated dividend arrearages.

It is obvious that evidence of facts necessary to support plaintiff's claim must come largely from the defendant. The plaintiff should, therefore, be given a reasonable opportunity, under proper safeguards, to secure that information which is relevant to the subject matter involved in the pending action. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016, 1022. Rule 34 of the

O'Malley, Harris, Harris & Warren, Scranton, Pa., Rawle & Henderson, Philadelphia, Pa., Dorsey, Colman, Barker, Scott & Barber, Minneapolis, Minn., for plaintiff.

J. Julius Levy, Scranton, Pa., Isaac Gluckman, New York City, for defendant.

WATSON, Chief Judge.

This is an action by a stockholder of defendant corporation to compel the defendant to pay dividends which have accumulated on the 8% cumulative $25 par value preferred stock issued by the defendant; plaintiff is the owner of 700 shares of this stock. No dividends have been paid on this preferred stock since December 31, 1920.

The Court has now before it plaintiff's motion for discovery and production of certain documents under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.

Federal Rules of Civil Procedure should be liberally, rather than narrowly, construed. If the documents called for are reasonably probable to be material in the case, the production and inspection of them should be allowed. June v. George C. Peterson Co., 7 Cir., 1946, 155 F.2d 963.

The documents which plaintiff desires defendant to produce are numbered (1) to (8) inclusive in plaintiff's motion for production of documents. It is the opinion of this Court that on the present record plaintiff has filed her motion in good faith and that the documents called for in the motion numbered (1) to (7) inclusive are reasonably probable to be material to the allegations contained in plaintiff's complaint. No. (8) is a request for defendant's federal income tax returns from 1933 to date. The motion is denied as to this request, because the information gained by the plaintiff from the documents numbered (1) to (7) will contain all the information set forth in the income tax returns and would impose a needless burden upon the defendant.

■ The defendant contends that to be required to produce documents and records which were made 30 years ago will be so burdensome upon the defendant that the request should be denied. If the documents are in the possession, custody, or control of the defendant, even though made 30 years ago, the production of them should not be unduly burdensome. The nature of plaintiff's claim is such that the examination of such records and documents is necessary in order that the best evidence in support of plaintiff's claim may be produced. Furthermore, the examination of the documents and records may throw such light on the questions involved that a just determination of the issues may be more promptly and satisfactorily reached.

Defendant, therefore, will be required to produce the following documents as set forth below, provided they are in the possession, custody, or control of defendant:

■ As to (1), defendant will be required to produce and permit the inspection and copying or photographing of defendant's Certificate of Incorporation, together with all amendments thereto and the By-Laws of defendant, or copies thereof where the originals are not available.

■ As to (2), defendant will be required to produce and permit the inspection and copying or photographing of defendant's stock books and its lists of shareholders of all classes and debenture holders of record showing the names and addresses of such security holders, the number of shares and the face amount of the debentures owned by them and the dates upon which they became security holders of record, or copies thereof where the originals are not available.

■ As to (3), defendant will be required to produce and permit the inspection and copying or photographing of defendant's minute books containing the minutes of all meetings of defendant's stockholders and defendant's board of directors since the incorporation of defendant in 1919, or copies thereof where the originals are not available.

■ As to (4), defendant will be required to produce and permit the inspection and copying or photographing of defendant's detailed long form audit reports for each of the years from 1933 to date, or copies thereof where the originals are not available.

■ As to (5), defendant will be required to produce and permit the inspection and copying or photographing of the general trial balances and general ledgers of defendant for the period 1933 to date, including the detail of expenses and cost of sales lying behind the "cost of sales" and "operating expenses" entries on the summary income statements heretofore furnished by defendant in support of its motion for summary judgment, and including supporting vouchers evidencing all transactions between defendant and its officers, directors and shareholders and their families, and including details in the form of vouchers or otherwise showing interest payments by defendant on its notes and accounts payable, loans payable, mortgages and long term debt, or copies thereof where the originals are not available.

As to (6), defendant will be required to produce and permit the inspection and copying or photographing of defendant's books, records and accounts showing royalties accrued and/or paid to any member of the Kennedy family from 1933 to date, or copies thereof where the originals are not available.

As to (7), defendant will be required to produce and permit the inspection and copying or photographing of any ledger, book, record or account showing the plant accounts and capital additions, together with depreciation reserves, classified in accordance with the summary furnished by defendant as Exhibit "M" to its motion for summary judgment, from 1937 to date, or copies thereof where the originals are not available.

As to (8), defendant will not be required to produce copies of federal income tax returns from 1933 to date.

It is therefore ordered that the defendant produce and permit the inspection and copying or photographing of each of the hereinabove referred to and designated documents in the offices of the defendant at Danville, Pennsylvania, commencing on June 16, 1952, and continuing thereafter on each succeeding business day with reasonable dispatch until completed.

It is ordered that plaintiff's motion for the production of documents under Rule 34 be, and it hereby is, granted to the extent above set forth, and is denied in all other respects without prejudice.