**HERMAN SCHWABE, INC., Plaintiff,**

v.

**UNITED SHOE MACHINERY CORPORATION, Defendant.**

**Civ. No. 17660.**

United States District Court
E. D. New York.

July 25, 1960.

Sigmund Moses, New York City, Robert Malloy, Boston, Mass., for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, Louis L. Stanton, Jr., New York City, of counsel, for defendant.

BRUCHHAUSEN, Chief Judge.

The plaintiff moves for enlargement of time until November 1, 1960, to comply with the provision of calendar rule 1(b); to complete discovery under the Federal Rules of Civil Procedure, 28 U.S.C.A.; and an order directing the defendant to produce for plaintiff's inspection documents numbered 1 to 10 in the notice of motion.

The production of all of the said documents other than those referred to as items 7 and 8 has previously been denied by Judge Zavatt in Schwabe, Inc., v. United Shoe Machinery Corp., D.C., 23 F.R.D. 251, and by Judge Bryan in

Buscher v. United Shoe Machinery Corp., D.C., 23 F.R.D. 183. Items 1 to 6, inclusive, 9 and 10 were submitted to Judge Zavatt who upheld the defendant's contention of attorney-client privilege. The plaintiff in this renewal motion has failed to allege any valid reasons why Judge Zavatt's ruling should not prevail. The production of the classified profit and loss statements of the defendant is desired by the plaintiff to prepare evidence on the issue of damage. Judge Bryan in Buscher v. United Shoe Machinery Corp., supra, rejected this contention. Inspection under Rule 34 is not available unless the party show good cause. In the case at bar as in the Buscher case, supra, the plaintiff demands this statement as an aid in the determination of the said issue. This reason is not sufficient to require its production under Rule 34.

█ The two documents not previously considered are memoranda of Theodore Kiendl and Mr. Ward, both attorneys who interviewed Herman Schwabe a prospective witness for the defendant. They relate to transactions between attorney and client and hence are privileged. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

█ The plaintiff desires enlargement of time in order to complete depositions of witnesses and prepare experts on the question of damage. An inspection of the file reveals that issue herein was joined over three years ago. Subsequent to that date judges of this court ordered the filing of a Note of Issue by the plaintiff. Extensions of time were granted permitting the plaintiff to complete his pre-trial procedures and appeal. Such procedures must be completed and a statement of readiness filed on or before September 1, 1960, in compliance with the provision of calendar rule 1(b).

Settle order on notice.