SHARON STEEL CORP., Plaintiff,

v.

TRAVELERS INDEMNITY CO.,
Defendant,

v.

WESTINGHOUSE ELECTRIC CORP.,
Third-Party Defendant.

Civ. No. 34214.

United States District Court
N. D. Ohio, E. D.
Sept. 13, 1960.

Dwight B. Buss and Alexander H. Hadden, of Baker, Hostetler & Patterson, Cleveland, Ohio, for Sharon Steel Corp.

Smith Warder, of Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, for Travelers Indemnity Co.

George Rudolph and Victor DeMarco, of Jones, Day, Cockley & Reavis, Cleveland, Ohio, for Westinghouse Electric Corp.

CONNELL, District Judge.

This present motion by plaintiff for the production and copying of documents presently in the possesion of third-party defendant is an outgrowth of an action filed in Federal Court whereby plaintiff seeks recovery from Travelers' Indemnity of over $3,000,000 in lost profits sustained by Sharon while an electric blooming mill motor insured by Travelers under a business interruption policy was being repaired by Westinghouse. Travelers, in turn, has impleaded Westinghouse on the theory that if Travelers is found liable to Sharon, then Westinghouse (hereinafter called defendant) may be liable to Travelers for all or part of such liability in that defendant was allegedly negligent in dropping the motor while it was under repair, thus increasing the loss suffered. A companion case in which Sharon has sued Westinghouse directly, for its damages suffered as a result of dropping the motor, is now pending in Cuyahoga County Common Pleas Court.

The documents sought by plaintiff are certain memoranda prepared by counsel and/or other officers of Westinghouse as a result of two meetings held on May 30, 1958 and August 6, 1958 between officers of Westinghouse and Alfred M. Tredwell, Jr., president of Sharon Steel Corporation. It is important to note that at these meetings plaintiff was not represented by its retained counsel, although defendant was represented at both meetings by its general counsel and the person in charge of all litigation involving defendant, Carlisle P. Myers. The record of this case develops that at these meetings, the litigation between plaintiff and defendant that had been pending for a year in Common Pleas Court was discussed, and questions were apparently asked of Tredwell concerning his opinion as to what the basic understanding was between plaintiff and defendant as to responsibility for consequential damage such as was suffered by plaintiff in this instance. Apparently as a result of Tredwell's remarks on this point, defendant has interjected a defense to the action based on a "course of dealing and understanding" between plaintiff and defendant that no liability for loss of profits due to delay should be imposed upon defendant.

The problem with which we are immediately confronted is this: whether the plaintiff has shown sufficient good cause under Rule 34, Fed.Rules Civ.Proc. 28 U.S.C.A. to permit this court to order disclosure of the memoranda of defendant's general counsel and other officers prepared as a result of Tredwell's remarks, some of which were undoubtedly prepared in anticipation of trial.

The controlling case in any area concerned with the discovery of trial preparation materials (counsel's "work-product" as it is more commonly called) is of course Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Unfortunately, that opinion was couched in necessarily broad language, and thus its precise application to any subsequent

case of a similar nature is difficult. However, without burdening the parties with a lengthy discussion of the case, we are safe in reading the opinion as saying that although the "work-product" of a lawyer should, in the normal situation, be free from discovery, there might, under certain circumstances, be such facts as to clearly justify a court in exercising its admitted discretion in this respect and granting the discovery motion. Our question then is whether such unusual circumstances exist here. We think they do.

 As indicated earlier, although plaintiff had filed its suit against Westinghouse over a year earlier and had retained a Cleveland law firm as counsel, no attorney, either from the Cleveland firm or from plaintiff's own legal department, was present at either of the meetings between plaintiff's president and officials of defendant. On the other hand, defendant's general counsel, the person in charge of all of defendant's litigation, was present and took an active part in the discussions that occurred at these meetings. We are not here concerned with the reason why plaintiff's counsel were not notified of these meetings. In any event, although plaintiff failed to notify its counsel of the meeting, so did defendant. Certainly if defendant was intending to question Tredwell as to a course of dealing, with a mind to establishing a defense, it owed that courtesy to opposing counsel. But whatever the reason for this omission, the result was an opportunity for defendant's attorneys to gain information concerning a possible defense, without giving plaintiff's president a chance to understand the legal ramifications of his statements, or an opportunity to further explain his statements with regard to the particular contract involved. It is precisely this point that concerns plaintiff in this motion. Did Tredwell actually make these apparently damaging remarks without further explanation, or were the questions asked at the deposition of Tredwell taken out of context from Tredwell's general discussion at these meetings? Plaintiff cannot wait until trial to so discover, for conflicts in his story could be severely damaging in a case tried before a jury. The Federal Rules were established to take the guesswork out of trials, not to add to it.

Although defendant claims that good cause cannot be shown in this case because Tredwell is available for questioning by plaintiff, we have the affidavit of plaintiff's counsel that Tredwell, though retaining some present recollection of the subjects discussed at the meetings, does not now recollect his exact remarks or the precise context in which they were made. Since his testimony will undoubtedly be of great importance on trial, it is natural for plaintiff to desire that Tredwell recollect as much of the meetings as is possible.

Under these prevailing circumstances, we fully subscribe to Judge Freed's remark in Hayman v. Pullman Co., D.C. N.D.Ohio 1948, 8 F.R.D. 238, 239, that "the only reason that may be assigned for refusing to do it is to make the element of surprise available to the defendant. The ultimate aim of * * * a lawsuit is that it be a search for the truth." If Tredwell did clarify or explain his remarks, plaintiff is entitled to know, for any hiding of the truth would work a serious disservice to this Court. If he did not so explain or clarify, the requested documents can be of little help to plaintiff. Nor do we feel we are unjustifiably ordering the disclosure of work which resulted from the industriousness of defendant. In fact, defendant, in its opposing brief, admits that the first meeting was probably held to discuss sales between the two corporations, and that the discussion of the pending litigation came about incidentally. When viewed in this light, defendant's obtaining of these allegedly damaging statements can hardly be regarded as a prize result of thorough legal investigation.

In reaching the decision we do, we are mindful that there are many decisions throughout the country that interpret

the suggestions set forth in Hickman v. Taylor, supra, as to when this so-called "work-product" should be made available far less liberally than we do. However, no less an authority than the editor of Moore's Federal Practice would apparently concur with this result, and several opinions emanating from the Northern District of Ohio, including Hayman v. Pullman Co., supra, and Viront v. Wheeling & Lake Erie Ry. Co., D.C.1950, 10 F.R.D. 45, indicate to us a general concurrence of the District Judges in this district that the Federal Rules are to be read with the liberality intended by the framers of the Rules.

 By granting this motion, we realize that Judge Corrigan's ruling in the companion case now pending in Common Pleas Court to the effect that these same memoranda are not discoverable under Ohio pre-trial procedure will be rendered a nullity. However, we cannot afford to allow state court rulings to influence what we consider to be the proper interpretation of the federal rules concerning discovery. It may well be that Ohio does not afford the liberality in discovery that we deem appropriate under federal practice, but our jurisdiction cannot be impinged upon for the sake of conforming with state court decisions.

Before production of these memoranda can be ordered, not only good cause must be shown, but also relevancy. On first glance, it might appear as if there is no connection between the memoranda sought from the third-party defendant and the lawsuit against Travelers Indemnity, which is the subject matter of the pending action. However, as plaintiff's counsel indicates in his affidavit attached to this motion, a possible defense available to Travelers is that the remarks attributed to Tredwell by Westinghouse, if true, constituted a waiver by plaintiff of Travelers' subrogation rights. Additionally, it can hardly be argued that Tredwell's remarks, if not amplified or explained on trial, might greatly influence the jury's decision in the suit against Travelers. When thus viewed, these memoranda become highly relevant within the meaning of Rule 26.

Plaintiff's request is couched in rather broad language. We do not intend by this memorandum opinion to order production of all papers that are an outgrowth of Tredwell's remarks made at the two meetings, for this might well include counsel's analysis of the legal implications of the remarks or an outline of counsel's legal theory concerning the ultimate presentation of the case. Rather, the motion is granted when limited to such memoranda that either contain verbatim or in substance the remarks made by Tredwell at these meetings, and includes the questions asked by the officials of Westinghouse that prompted the replies. If either party encounters difficulty in determining whether certain memoranda fall within the Court's order, the defendant may present such papers to the Court *in camera* for a judicial determination as to the question of their inclusion within the order.

An order may be prepared in accordance with the foregoing.