The HANOVER SHOE, INC., Plaintiff,

v.

UNITED SHOE MACHINERY CORPORATION, Defendant.

Civ. No. 5395.

United States District Court
Middle District Pennsylvania.

Aug. 3, 1962.

See also 185 F.Supp. 826, affirmed 3 Cir., 281 F.2d 481.

10. Outlet Embroidery Co. v. Derwent Mills, Ltd., 254 N.Y. 179, 183, 172 N.E. 462, 463, 70 A.L.R. 1440 (1930).

fendant was found to have violated the Act. By final decree, dated February 18, 1953, defendant, among other things, was ordered not to offer for lease any machine unless it also offered the machine for sale; and the terms of any lease were to be such that it would not be substantially more advantageous for a user to lease than to buy. United States v. United Shoe Machinery Corp., D.Mass.1953, 110 F.Supp. 295; affirmed 1954, 347 U.S. 521, 74 S.Ct. 699, 98 L. Ed. 910.

The present suit is a private treble damage action filed on September 21, 1955. One of the issues is whether the defendant's leasing policy resulted in injury to plaintiff. Defendant contends plaintiff could have procured comparable machines from other manufacturers, and, therefore, was not compelled to lease from defendant. In January, 1962, defendant furnished plaintiff with a list of these machines. It is identified as Exhibit 8 to the deposition of Lewis B. Walker.

In its motion plaintiff requests that defendant be required to produce (1) any and all reports or memoranda prepared by and for defendant's Program Committee and Research Division during the period July 1, 1939 through September 21, 1955, which refer in any way to the non-United machines listed in plaintiff's Exhibit 8 to the deposition of Lewis B. Walker; (2) a memorandum prepared by a Mr. Ward, a former associate lawyer with the law firm representing defendant, summarizing a meeting in June, 1950, attended by Lawrence P. Sheppard, President of plaintiff, Mr. Walker of defendant, and Messrs. Ward and Kiendl, defendant's counsel.[1]

Nogi, O'Malley & Harris, Scranton, Pa., Donovan Leisure, Newton & Irvine, New York City, for plaintiff.

Warren, Hill, Henkelman & McMenamin, Scranton, Pa., Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant.

SHERIDAN, District Judge.

This is a motion by plaintiff for the production and inspection of documents under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

For many years, defendant, a manufacturer of machinery used in the production of shoes, made available to shoe manufacturers its more important machinery on a "lease only" basis. In 1947, the Government filed a complaint against defendant under § 4 of the Sherman Act, Act of July 2, 1890, c. 647, 26 Stat. 209, 15 U.S.C.A. § 4, to restrain certain alleged monopolistic practices. The de-

## REPORTS PREPARED BY DEFENDANT'S PROGRAM COMMITTEE

The defendant has followed the practice of having its branch personnel and roadmen throughout the United States report on the installation and removal of

1. A third request to inspect the memorandum prepared by Mr. Ryan of defendant's Patent Department was withdrawn after certain stipulations were made during oral argument.

non-United machines in the plants of shoe manufacturers. These reports were made on a weekly basis on a form labelled, "Outside Machine Report" (O.M.R.).

The O.M.R.'s recorded the machine's date, serial number and title, the user, the manufacturer of the machine, the company installing it, the terms, the shoe upon which it was used, its function, and any other information available to the roadman. They were forwarded to defendant's Program Committee and Research Division. The information on the O.M.R.'s was supplemented by information and data available to defendant from other sources. The Program Committee and Research Division prepared reports or memoranda which evaluated all the information and data, including the O.M.R.'s. Plaintiff requests copies of these reports.

Defendant points to the burdensome task in locating these reports in view of the broad wording of the request and the period of time covered by it. Defendant argues that good cause has not been shown because there has been no showing that the reports contain information with respect to the machines listed in the exhibit, and that plaintiff has already had inspection of all the O.M.R.'s which form the basis for the reports.

Defendant admits that it prepared such reports. It has agreed to furnish plaintiff those reports which were included as exhibits in the Government's case against defendant. Defendant has not denied that these reports may contain comments on non-United machinery.

Since one of the defenses is that non-United machinery was available to plaintiff, defendant's evaluation of this machinery is relevant and material. The O.M.R.'s do not contain the information the plaintiff seeks. If it is reasonably probable that documents will be material at the trial, their production and inspection should be allowed. Jacobs et al. v. Kennedy Van Saun Mfg. & Eng. Corp., M.D.Pa.1952, 12 F.R.D. 523.

A party seeking discovery is not required to prove that documents contain material evidence, but it is sufficient if it is reasonably probable that they do. Radio Corporation of America v. Rauland Corporation, N.D.Ill.E.D.1955, 18 F.R.D. 440; Jacobs et al. v. Kennedy Van Saun Mfg. & Eng. Corp., supra. Documents should be produced under F.R.Civ.P. Rule 34, 28 U.S.C.A. if they are necessary to enable a party to prepare his case, or facilitate proof at the trial or progress of the trial even though there will be an inconvenience or a burden to the party producing them. 4 Moore, Federal Practice, par. 34.19 [2], at 2476; Frasier v. Twentieth Century-Fox Film Corp. et al., D.Neb. Lincoln Division 1954, 119 F.Supp. 495.

## WARD MEMORANDUM

In June, 1950, as part of the preparation of the defense of the Government's case against United, there was a meeting at which the following were present: Mr. Ward and Mr. Kiendl of the law firm representing defendant, Mr. Walker of United (defendant), and Mr. Sheppard, President of Hanover (plaintiff). The purpose of the meeting was to interview Mr. Sheppard. Mr. Ward prepared a memorandum summarizing the discussions in that meeting.

In the deposition of Mr. Sheppard taken in this action, defendant questioned him concerning the 1950 meeting. Mr. Sheppard testified that, except for the fact of the meeting, he had no recollection of the discussions. He was unable to recollect certain statements attributed to him in the Ward memorandum.

Defendant asserts that the memorandum forms part of the lawyer's work product prepared in connection with the Government's case against defendant, and since plaintiff's claim is based on the adverse findings against defendant in that action, the memorandum forms a part of the lawyer's work product in this action and is not the subject of discovery under Rule 34. Defendant argues that it should not be deprived of the trial advantage it will have if the Ward memorandum is not made available to plaintiff prior to trial.

The cases of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 and Schwabe v. United Shoe Machinery Corp., E.D.N.Y.1960, 26 F.R.D. 228, cited by the defendant in support of its work product argument are not controlling.

There is nothing in the Hickman case which extends the work product principle to preclude discovery of a lawyer's memorandum, prepared during a prior case, in a subsequent action between different parties.

In Tobacco and Allied Stocks, Inc., et al. v. Transamenia Corporation, D. Del.1954, 16 F.R.D. 534, the court stated:

"It appears all of the correspondence now before the Court was a part of the files dealing with the Geller case and used in the preparation of that case for presentation to this Court. In no sense can these letters—all written in 1943 and more that 8½ years prior to the institution of the case at bar—be a part of plaintiffs' attorneys' 'work-product' in the presentation of the *instant case for presentation to this Court*. Defendant, here, seeks not to obtain benefit of the present plaintiffs' counsels' industry in the preparation *of the case at bar* for trial."

 Even if the Ward memorandum qualifies as work product, discovery should not be denied if adequate reason appears. Alltmont v. United States, 3 Cir.1950, 177 F.2d 971, 976.

In the Hickman case the Supreme Court said:

" * * * He has sought discovery as of right of oral and written statements of witnesses whose identity is well known and whose availability to petitioner appears unimpaired. He has sought production of these matters after making the most searching inquiries of his opponents as to the circumstances surrounding the fatal accident, which inquiries were sworn to have been answered to the best of their information and belief. Interrogatories were directed toward all the events prior to, during and subsequent to the sinking of the tug. Full and honest answers to such broad inquiries would necessarily have included all pertinent information gleaned by Fortenbaugh through his interviews with the witnesses. Petitioner makes no suggestion, and we cannot assume, that the tug owners or Fortenbaugh were incomplete or dishonest in the framing of their answers. In addition, petitioner was free to examine the public testimony of the witnesses taken before the United States Steamboat Inspectors. We are thus dealing with an attempt to secure the production of written statements and mental impressions contained in the files and the mind of the attorney Fortenbaugh without any showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice. For aught that appears, the essence of what petitioner seeks either has been revealed to him already through the interrogatories or is readily available to him direct from the witnesses for the asking. * * *

" * * * Here is simply an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties. * * *

" * * * We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. * * * But the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who

would invade that privacy to establish adequate reasons to justify production through a subpoena or court order. * * *

" * * * No attempt was made to establish any reason why Fortenbaugh should be forced to produce the written statements. There was only a naked general demand for these materials as of right and a finding by the District Court that no recognizable privilege was involved. That was insufficient to justify discovery under these circumstances * * *."

Mr. Sheppard was not represented by counsel at the meeting in 1950. He does not recall the details of the meeting, or his remarks or their context. The contents of the memorandum cannot be learned from anyone but defendant. Defendant desires to confront Sheppard at the trial with the contents of the memorandum.

With a similar question before it in Sharon Steel Corp. v. Travelers Indemnity Co., N.D. Ohio E.D.1960, 26 F.R.D. 113, at 115, the court stated:

" * * * But whatever the reason for this omission, the result was an opportunity for defendant's attorneys to gain information concerning a possible defense, without giving plaintiff's president a chance to understand the legal ramifications of his statements, or an opportunity to further explain his statements with regard to the particular contract involved. It is precisely this point that concerns plaintiff in this motion. Did Tredwell actually make these apparently damaging remarks without further explanation, or were the questions asked at the deposition of Tredwell taken out of context from Tredwell's general discussion at these meetings? Plaintiff cannot wait until trial to so discover, for conflicts in his story could be severely damaging in a case tried before a jury. The Federal Rules were established to take the guesswork out of trials, not to add to it.

"Although defendant claims that good cause cannot be shown in this case because Tredwell is available for questioning by plaintiff, we have the affidavit of plaintiff's counsel that Tredwell, though retaining some present recollection of the subjects discussed at the meetings, does not now recollect his exact remarks or the precise context in which they were made. Since his testimony will undoubtedly be of great importance on trial, it is natural for plaintiff to desire that Tredwell recollect as much of the meetings as is possible.

"Under these prevailing circumstances, we fully subscribe to Judge Freed's remark in Hayman v. Pullman Co., D.C.N.D.Ohio 1948, 8 F.R.D. 238, 239, that 'the only reason that may be assigned for refusing to do it is to make the element of surprise available to the defendant. The ultimate aim of * * * a lawsuit is that it be a search for the truth.' If Tredwell did clarify or explain his remarks, plaintiff is entitled to know, for any hiding of the truth would work a serious disservice to this Court. If he did not so explain or clarify, the requested documents can be of little help to plaintiff. * * *"

See also 4 Moore, Federal Practice, par. 26.23[8], at 1147–1149 and par. 34.08, at 2452–2455 (2d ed.).

■ In Schwabe, Inc. v. United Shoe Machinery Corporation, supra, relied on by defendant, the court held that similar memoranda were transactions between attorney and client and hence privileged, citing Hickman v. Taylor. Undoubtedly, the court used prvilege in the sense that work product is privileged against discovery unless good cause is shown. This must be so since the Supreme Court in Hickman v. Taylor said:

"We also agree that the memoranda, statements and mental impressions in issue in this case fall out-

side the scope of the attorney-client privilege and hence are not protected from discovery on that basis."

Since the opinion in the Schwabe case states no other reason for the denial of discovery, the court must have found that good cause was not shown.

There is good cause to compel production of the documents sought.

Plaintiff's motion will be granted.