211 F.Supp. 736 (1962)
COMMONWEALTH EDISON COMPANY et al., Plaintiffs,
v.
ALLIS-CHALMERS MANUFACTURING COMPANY et al., Defendants.
Civ. A. No. 61 C 1277 and related cases.
United States District Court N. D. Illinois, E. D.
November 15, 1962.
*737 Plaintiffs' counsel:
Charles A. Bane, Robert F. Hanley, Thomas L. Nicholson, Richard E. Powell, Isham, Lincoln & Beale, Max Swiren, Neil Flanagin, Chicago, Ill., for Commonwealth Edison Co., and Commonwealth Edison Co. of Indiana, Inc.
Rodney A. Dunnette, City Atty., Austin, Minn., Seymour F. Simon, Chicago, Ill., for Austin Utilities and City of Austin, Minn.
Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., H. R. Hanley, William G. Porter, Hanley, Costello & Porter, Rapid City, S. D., for Black Hills Power & Light Co.
George H. Jirgal, Chapman & Cutler, Chicago, Ill., for Central Illinois Electric & Gas Co. and Iowa Electric Light & Power Co.
Harry E. Witherell, Davis, Morgan & Witherell, Peoria, Ill., for Central Illinois Light Co.
Ove B. Dendtler, Stevenson, Dendtler & McCabe, Chicago, Ill., for Central Illinois Public Service Co.
John C. Melaniphy, Chicago, Ill. (Seymour F. Simon, Chicago, Ill., Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., of counsel), for City of Chicago, Ill.
Paul C. Holmberg, City Atty., Ernest G. Kroger, Grand Island, Neb., Seymour F. Simon, Chicago, Ill., Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., for City of Grand Island, Neb.
James M. Byrne, Highland, Ill., Seymour F. Simon, Chicago, Ill. (Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., of counsel), for City of Highland, Ill.
W. P. Gilbert, K. F. Montgomery, G. E. Hale, V. T. Squires, Wilson & McIlvaine, *738 Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., for Illinois Power Co.
Seymour F. Simon, Chicago, Ill., Ed. S. Carroll, Independence, Mo. (Gilbert R. Titus, Independence, Mo., Rhyne & Rhyne, Charles S. Rhyne, Washington, D. C., of counsel), for City of Independence, Mo.
Daniel P. Ward, Edward E. Plusdrak, Thomas A. Hett, Chicago, Ill. (Ronald W. Olson, Chicago, Ill., of counsel), for Cook County, Ill.
James O. Smith, Clement F. Springer, Springer & Smith, Chicago, Ill., for Interstate Power Co.
William B. Waterman, Walter S. Rogowski, Davenport, Iowa, for Iowa-Illinois Gas & Electric Co.
Howard A. Steele, Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, Iowa, for Iowa Power & Light Co.
Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., Robert Valentine, Valentine, Greenleaf & Griffing, Centerville, Iowa, for Iowa Southern Utilities Co.
Thomas C. Rose, City Atty., Jacksonville, Ill., Orville N. Foreman, Robinson, Foreman, Rammelkamp, Bradney & Hall, Jacksonville, Ill., Barnabas F. Sears, Lloyd J. Tyler, Jr., Sears, Streit, Tyler & Dreyer, Chicago, Ill., for City of Jacksonville, Ill.
Clemence A. Nordhoff, Jasper, Ind. (Seymour F. Simon, Chicago, Ill., of counsel), for City of Jasper, Ind.
Glen H. Bell, George G. Blake, Aberg, Bell, Blake & Metzner, Madison, Wis., Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., for Lake Superior Dist. Power Co.
Ralph D. Nelson, City Atty., Lincoln, Neb. (Seymour F. Simon, Chicago, Ill., Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., of counsel), for City of Lincoln, Neb.
William T. Rieser, Rieser, Stafford, Rosenbaum & Smith, Madison, Wis., Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., for Madison Gas & Electric Co.
Thomas C. McConnell, Herbert C. Paschen, Francis J. McConnell, Chicago, Ill. (George A. Lane, Chicago, Ill., of counsel), for Metropolitan Sanitary Dist. of Greater Chicago.
John J. Fleming, City Atty., George A. Bowman, Jr., Asst. City Atty., Milwaukee, Wis. (Seymour F. Simon, Chicago, Ill., Rhyne & Rhyne, Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Washington, D. C., of counsel), for City of Milwaukee.
C. J. Rosenberger, Muscatine, Iowa, Seymour F. Simon, Chicago, Ill. (Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., of counsel), for Board of Water and Light Trustees of City of Muscatine, Iowa.
John C. Lawyer, Lawyer, Friedrich, Petrie & Tweedle, Hammond, Ind., for Northern Indiana Public Service Co.
Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., Donald E. Nelson, Gen. Counsel, N. S. P. Co., Minneapolis, Minn., for Northern States Power Co. (a Minnesota corporation) and Northern States Power Co. (a Wisconsin corporation).
Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., Ralph Mauch, Huron, S. D., for Northwestern Public Service Co.
Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., Cyrus A. Field, Field, Arvesen, Donoho & Lundeen, Fergus Falls, Minn., for Otter Tail Power Co.
Paul G. Jasper, Plainfield, Ind., for Public Service Co. of Indiana, Inc.
Andrew C. Cecere, City Atty., Richmond, Ind., Seymour F. Simon, Chicago, Ill., for City of Richmond, Ind.
I. J. Feuer, Sp. Counsel, Springfield, Ill. (Seymour F. Simon, Chicago, Ill., Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., of counsel), for City of Springfield, Ill.
J. Weston Miller, Miller, Fairman, Sanford, Carr & Lowther, Ralph E. Hunt, City Atty., Springfield, Mo., Seymour F. Simon, Chicago, Ill. (Charles S. Rhyne *739 Rhyne & Rhyne, Washington, D. C., of counsel), for City of Springfield, Mo.
James Messer, Jr., City Atty., Tallahassee, Fla. (Seymour F. Simon, Chicago, Ill., Rhyne & Rhyne, Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Washington, D. C., of counsel), for City of Tallahassee, Fla.
Lee A. Freeman, Sp. Counsel, James J. Costello, Legal Counsel, James E. Harmon, Asst. Legal Counsel, Chicago, Ill., for Board of Trustees of University of Illinois.
Martin R. Paulsen, Van B. Wake, John G. Quale, Paulsen, Wake & Prosser, Milwaukee, Wis. (Richard K. Decker, Lord, Bissell & Brook, Chicago, Ill., of counsel), for Wisconsin Electric Power Co. and Wisconsin Michigan Power Co.
R. J. Sutherland, Ralph E. Axley, Petersen, Sutherland, Axley & Brynelson, Madison, Wis., Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., for Wisconsin Power & Light Co.
William J. Froelich, Jacob I. Grossman, Seymour Tabin, Froelich, Grossman, Teton & Tabin, Chicago, Ill., for Wisconsin Public Service Corp.
William G. Clark, Atty. Gen. of Illinois, Lee A. Freeman, Sp. Asst. Atty. Gen. of Illinois, Edward H. Marsalek, Asst. Atty. Gen. of Illinois, Chicago, Ill., for State of Illinois, for itself, its Agencies and Public Institutions and People of State of Illinois, intervenor-plaintiff.
Defendants' counsel:
Hammond E. Chaffetz, John C. Butler, William H. Van Oosterhout, William R. Jentes, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for Westinghouse Electric Corp.
John T. Chadwell, Richard M. Keck, Snyder, Chadwell, Keck, Kayser & Ruggles, Chicago, Ill., for General Electric Co.
Holmes Baldridge, Stiefel, Greenberg, Burns & Baldridge, Chicago, Ill., for Allis-Chalmers Mfg. Co.
John Paul Stevens, Norman J. Barry, M. I. Mishkin, Richard L. McIntire, Rothschild, Hart, Stevens & Barry, Chicago, Ill., for A. B. Chance Co.
Edward R. Johnston, Thompson, Raymond, Mayer, Jenner & Bloomstein, Chicago, Ill., for Allen-Bradley Co., Clark Controller Co., Cutler-Hammer, Inc., Lapp Insulator Co., McGraw-Edison Co., Ohio Brass Co. and Square D Co.
Charles M. Price, Robert C. Keck, Valentine A. Weber, Jr., MacLeish, Spray, Price & Underwood, Chicago, Ill., for Carrier Corp. and C. H. Wheeler Mfg. Co.
Earl E. Pollock, Frederic S. Lane, Sonnenschein, Lautmann, Levinson, Rieser, Carlin & Nath, Chicago, Ill., Jacob Imberman, Proskauer, Rose, Goetz & Mendelsohn, New York City, for Cornell-Dubilier Electric Corp. and Federal Pacific Electric Co.
John Paul Stevens, Norman J. Barry, M. I. Mishkin, Richard L. McIntire, Rothschild, Hart, Stevens & Barry, Chicago, Ill., Lester Kissel, Meyer, Kissel, Matz & Seward, New York City (E. F. Wentworth, Jr., New York City, of counsel), for Foster Wheeler Corp.
Neil McKay, Winston, Strawn, Smith & Patterson, Chicago, Ill., for Hubbard & Co.
Timothy G. Lowry, Owen Rall, Elroy C. Sandquist, Jr., Peterson, Lowry, Rall, Barber & Ross, Chicago Ill., Owen Brooke Rhoads, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for I-T-E Circuit Breaker Co.
Harold T. Halfpenny, Halfpenny, Hahn & Ryan, Chicago, Ill., Joseph W. Burns, Austin, Burns, Appell & Smith, New York City, for Ingersoll-Rand Co.
Roland D. Whitman, Joseph A. Conerty, Ross, McGowan & O'Keefe, Chicago, Ill., for Joslyn Mfg. & Supply Co. and Porcelain Insulator Corp.
Lloyd M. McBride, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for Kuhlman Electric Co.
W. Donald McSweeney, Mitchell S. Rieger, John A. Pigott, Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., William H. Ferrell, Keefe, *740 Schlafly, Griesedieck & Ferrell, St. Louis, Mo., for Moloney Electric Co.
Jacob H. Martin, Sydney G. Craig, Martin Bogot, Martin, Craig, Chester & Sonnenschein, Chicago, Ill., for H. K. Porter Co., Inc.
W. Donald McSweeney, Mitchell S. Rieger, John A. Pigott, Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., for Sangamo Electric Co.
John Paul Stevens, Norman J. Barry, M. I. Mishkin, Richard L. McIntire, Rothschild, Hart, Stevens & Barry, Chicago, Ill., Norman A. Stoll, Reinhardt, Coblens & Stoll, Portland, Or., for Schwager-Wood Corp.
Edward R. Adams, Miller, Gorham, Wescott & Adams, Chicago, Ill. (Mac Asbill, Sutherland, Asbill & Brennan, Washington, D. C., of counsel), for Southern States Inc. (f/k/a Southern States Equipment Corp.).
W. Donald McSweeney, Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., R. Walston Chubb, Philip A. Maxeiner, Robert S. Allen, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for Wagner Electric Corp.
Brainerd Chapman, Chicago, Ill., Gallop, Climenko & Gould, New York City, for Worthington Corp.
ROBSON, District Judge.
Defendants, General Electric Company, Westinghouse Electric Corporation, Allis-Chalmers Manufacturing Company, Foster Wheeler Corporation, A. B. Chance Company, Federal Pacific Electric Company, Cornell-Dubilier Electric Corporation, Carrier Corporation, Allen-Bradley Company, Ingersoll-Rand Company, Ohio Brass Company, Southern States, Inc., Square D Company, I-T-E Circuit Breaker Company, Lapp Insulator Company, Inc., McGraw-Edison Company, C. H. Wheeler Manufacturing Company, Worthington Corporation, The Clark Controller Company, Cutler-Hammer, Inc. and Wagner Electric Corporation, have filed motions and supporting affidavits claiming that certain statements made by defendants' employees to counsel and certain memoranda prepared by counsel as a result of interviews with defendants' employees are entitled to protection from discovery. In addition, defendants have requested that they be excused from producing such documents under seal as required by Pre-Trial Order No. 4.
The Court has concluded that the production of these documents should not be required at the present time, and that defendants should be excused from producing same under seal for deposit in the National Document Depository, subject to further order of court.
The privileges asserted by defendants fall into the areas of the work product doctrine and/or the privilege of confidential communications between attorney and client. Defendants have filed uncontroverted affidavits in support of these claims of privilege. These affidavits are sufficient to constitute a prima facie showing that such documents are entitled to protection from discovery by virtue of the work product doctrine. It is, therefore, unnecessary at this stage to consider defendants' claims of the attorney-client confidential communications privilege, though such consideration may be appropriate in the future if plaintiffs overcome the protection of the work product doctrine.
For plaintiffs to overcome this prima facie showing that these documents are entitled to protection from discovery based on work product, they must first convince the court that these documents are essential to the preparation of their case. The rule stated by the Supreme Court in Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947) is controlling in this situation:
"We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production *741 of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty."
Plaintiffs in their brief admit that no showing of good cause along traditional lines has been presented. They argue that the unique character of this litigation is of itself a sufficient showing of good cause for production. The Court is of the opinion that this argument must be rejected. The National Deposition Program has the effect of permitting the individual plaintiff to interrogate on deposition many more witnesses than would probably be practical if this Program were not in effect. If any argument could be supported by reason of this aspect of the National Program, the balance would favor the defendants, not the plaintiffs.
The language of the Court of Appeals for the Third Circuit in Alltmont, et al. v. United States, 177 F.2d 971, 978 (1949) (involving consolidated libels against the United States Maritime Commission for personal injuries) provides a broad statement of the particularized showing of good cause needed to overcome the protection of work product:
"In other words he must show that there are special circumstances in his particular case which make it essential to the preparation of his case and in the interest of justice that the statements be produced for his inspection or copying." (Emphasis supplied)
The approval of the Court of Appeals for the Seventh Circuit as to the need for showing "good cause" was expounded in Hauger v. Chicago, Rock Island & Pacific Railroad Company, 216 F.2d 501, 508 (1954) (concerning personal injuries):
"Even though that lawyer hopes or believes, based upon guess, conjecture or suspicion, that a reading of the statements would reveal a basis for impeachment, or give him other valuable information, it has never been the practice of the courts generally to require the production of such statements under such circumstances. The courts have traditionally left a lawyer to his own industry aided by the use of depositions, interrogatories and subpoenas. A court is not justified in ordering a litigant to permit his adversary to inspect witness statements, which he has procured in preparing for trial, upon the adversary's mere surmise or suspicion that he might find impeaching material in the statements. In such a situation the rights of a litigant in the work-product of his lawyers and agents are not required to give way to an adversary's right of discovery. * * *"
In this District, Judge Julius J. Hoffman in United States v. Swift & Company et al., 24 F.R.D. 280, 284 (N.D.Ill., 1959) explained the needed "good cause" in terms of a balance between the need for production and the need for secrecy:
"* * * The privilege of the lawyer's work product and the showing of good cause sufficient to overcome it are interdependent, and when, as here, the factors supporting the claim of privilege are weak, the requisite showing of good cause is correspondingly lessened. * * * In the last analysis, the determination must rest upon the balance struck in the particulars of a concrete case between the competing interests of full disclosure and protection for the fruits of the lawyer's labor. In the light of the importance of the information to the merits of the litigation, the difficulties confronting defendants' efforts to acquire the needed information for themselves, and the relatively inconsequential *742 prejudice to the plaintiff, the objection to the motion on this ground must be overruled. * * *"
The concept and terminology of "balance" were applied by the Court of Appeals for the Seventh Circuit in Olson Rug Company v. N. L. R. B., 291 F.2d 655, at pp. 661, 662 (1961).
Other criteria which have had judicial approval as fulfilling the requirement of "good cause" are:[1]
(1) Non-availability of witnesses  Williams v. Northern Pacific Railway Company, 30 F.R.D. 26, 28 (D.C.D.Mont., 1962) (personal injury suit):
"Ordinarily where the witnesses are readily available for interrogation and examination, production under Rule 34 is not allowed. Where, however, the witnesses cannot be located or are widely scattered, resulting in undue difficulty, delay and expense in arranging for interviews * * * production may properly be required." (Emphasis supplied)
(2) Exclusive or superior opportunity for knowledge  People of the State of California v. United States et al., 27 F. R.D. 261, 262 (D.C.N.D.Cal.1961) (action under Federal Tort Claims Act for property damage):
"Where * * * it appears that one party has exclusive control over the circumstances surrounding an event and exclusive or superior opportunity to know or ascertain the facts, we believe that good cause exists to require that party's disclosure of such portions of any report as might contain the statements of witnesses or facts personally observed by the investigator even though, as here, the identity of potential witnesses has already been disclosed * * *."[2]
(3) On the spot statements  statements of this type are closely related to and may overlap category (2) above. They afford, in addition, a basis for reliability similar to that found in the so-called "spontaneous exclamations" exception to the hearsay evidence rule. Numerous cases have commented favorably on this basis for showing "good cause." In Brown v. New York, New Haven & Hartford Railroad Company, 17 F.R.D. 324, 325 (D.C.S.D.N.Y., 1955) (action to recover damages for personal injuries) the court commented upon the unique nature of this type of writing in the following language:
"[W]here the statements sought are ones taken at or about the time of the accident complained, the statements are unique in that they constitute the immediate impression of the facts. Moreover, as in the instant situation, defendant's employees, who took the statements, were on hand at the time of the happening, and controlled the circumstances surrounding the taking of the statements. In this instance, there can be no duplication by a deposition that relies upon memory, and an allegation of these facts, uncontroverted, is a sufficient showing of good cause."
In People v. United States, supra, the factor of the witness's credibility was commented on in the following manner at p. 262:
"Not only are `on-the-spot' statements more reliable than later statements made months after the occurrence, *743 but they relate as well to the credibility of witnesses originally under the control of and exclusively available to the adverse party."
The fading memory of witnesses provides yet an additional practical reason for permitting the discovery of this class of documents. See, e. g., Caruso v. Moore-McCormack Lines, Inc. et al., 196 F.Supp. 675, 677 (D.C.E.D.N.Y., 1961).[3]
(4) Change in circumstances in Colden v. R. J. Schofield Motors, 14 F.R.D. 521, 522 (D.C.N.D.Ohio, 1952) the court granted disclosure of an expert's report because it would be impossible to duplicate his study:
"Among other things, the principles of the decision in Hickman v. Taylor, supra, extend to disclosures in rare situations having exceptional features which make the disclosures necessary in the interest of justice and where the party seeking discovery is not otherwise able effectively to secure the information. It seems to me the present situation is one calling for the application of such principle. Due to the disassembly of the automobile involved for the purpose of making the inspection and examination upon which the expert's statement was based, defendant is not now in position to obtain the information elsewhere."
After a showing of good cause, as outlined above, in camera inspection of these documents by the court would be appropriate. Olson Rug Company v. N. L. R. B., supra, and Sharon Steel Corp. v. Travelers Indemnity Co., 26 F.R.D. 113 (D.C.N.D.Ohio, 1960). The respective motions of defendants for orders of protection for the work product of counsel are hereby granted without prejudice to plaintiffs' right to move for and obtain the production of all or part of such documents upon a showing of good cause and relevancy under the standards heretofore outlined in this memorandum, and upon a showing that such documents are not entitled to any other protection or privilege.
In view of the burden and expense of producing copies of these documents under seal, the court concludes that defendants should be and hereby are relieved from producing these documents under seal at this time.
NOTES
[1] In the majority of the cases hereinafter cited the relevant criteria were found not present, and "good cause" for production was therefore absent.
[2] See also, Portman v. American Home Products Corporation, 9 F.R.D. 613, 615 (D.C.S.D.N.Y., 1949) (Action for services rendered): "Plaintiff has no knowledge of employees and subsidiaries of defendant who know the facts relating to plaintiff's claim; he does not have at his disposal the facilities to investigate which defendant has; he will have great hardship in locating witnesses, with such knowledge, in view of the unanimous assertion of defendant's principal executives that there is no basis for the claim; and, lastly, he anticipates hostility from some of the witnesses by reason of their employment and relationship to defendant."
[3] "[A] showing of failure by the witnesses to remember events which may be included in the statements taken by the libellant or the fact that their prior statements to the libellant were contemporaneous with the accident, would afford justification for disclosure."