518

PHILADELPHIA ELECTRIC COM-
PANY et al.,

v.

ANACONDA AMERICAN BRASS COM-
PANY et al.

Civ. A. No. 41734 and related actions.

United States District Court
E. D. Pennsylvania.

March 27, 1967.

Harold E. Kohn, Dilworth, Paxson, Ka-
lish, Kohn & Levy, David Berger, Cohen,
Shapiro, Berger, Polisher & Cohen, Phila-
delphia, Pa., for plaintiff.

Joseph W. Swain, Jr., Montgomery, Mc-
Cracken, Walker & Rhoads, David F.
Maxwell, Obermayer, Rebmann, Maxwell
& Hippel, Robert W. Sayre, Saul, Ewing,

Remick & Saul, Lewis H. Van Dusen, Jr., Drinker, Biddle & Reath, Samuel B. Fortenbaugh, Jr., Clark, Ladner, Fortenbaugh & Young, Arthur H. Kahn, Schnader, Harrison, Segal & Lewis, Henry T. Reath, Duane, Morris & Heckscher, Leonard J. Cook, Shapiro, Stalberg, Cook, Murphy & Kalodner, S. Gordon Elkins, Stradley, Ronon, Stevens & Young, John G. Harkins, Jr., Pepper, Hamilton & Scheetz, H. Francis DeLone, Philadelphia, Pa., for defendants.

## OPINION

FULLAM, District Judge.

In these private civil anti-trust actions, plaintiffs have filed motions under Fed. R.Civ.P. 34 for the production of, inter alia, copies of certain bills of particulars allegedly furnished to the defendants in the course of related criminal proceedings in the United States District Court for the District of Connecticut.

The defendants assert three principal grounds in opposition to plaintiffs' motions: (1) the requisite "good cause therefor" has not been shown; (2) production of these documents would amount to a violation of grand jury secrecy; and (3) to grant plaintiffs' motions would be to require the defendants to violate an Order of the Connecticut District Court which had the effect of sealing the grand jury records and prohibiting disclosure of the bills of particulars.

■■ As to the first defense contention, I believe sufficient cause for production of the bills of particulars is inherent in the admitted circumstances. Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 211 F.Supp. 736 (N.D.Ill.1962). Plaintiffs do not have and cannot otherwise obtain these documents. The utility of disclosure is obvious, for while the documents themselves are not evidence and would not be directly involved in the trial, they would clearly serve to pinpoint the trial issues, and, more importantly, would give form and illumination to the balance of the discovery process. It must be remembered that these cases involve allegations of conspiracies in lengthy, somewhat ancient, and undeniably complex business dealings on a nationwide basis. Courts must apply procedural rules with flexibility and common sense pragmatism in this kind of litigation. Cf. City of Phila. v. Westinghouse Electric Corp., 210 F.Supp. 486 (E.D.Pa.1962).

■■ The contention that grand jury secrecy would be violated by compliance with plaintiffs' motion is likewise unpersuasive. The bill of particulars is not a transcript of the proceedings before the grand jury, nor related thereto in any secrecy-requiring sense. True, if the bill of particulars was prepared after the hearings, it may to some extent reflect the same information supplied to the grand jury. But in this respect it is in the same category as the witnesses themselves; and the knowledge of witnesses is not immunized from discovery merely because they may have testified before the grand jury. Cf. Fed.R.Crim.P. 6(e).

■ I am convinced that a defendant who was furnished a copy of a bill of particulars may be compelled to disclose it to his adversary in subsequent civil litigation. None of the reasons underlying the secrecy doctrine apply to the bill of particulars, at least after the conclusion of the criminal proceedings. Cf. U. S. v. Interstate Dress Carriers, Inc., 280 F.2d 52 (2d Cir. 1960).

The existing Order of the United States District Court for the District of Connecticut, entered May 23, 1963 (C.C.H. 1963 Trade Cases ¶70,821) presents more difficult problems. It appears that, after some of these defendants, including Bridgeport Brass Co., represented in the present case by National Distillers and Chemical Corporation, successor by merger, had entered the pleas of *nolo contendere* in the criminal cases, the remaining defendants moved for and obtained, various bills of particulars. The Government did not oppose this request, but advised Bridgeport Brass Co. that in complying with paragraph 4(c) of the request, the Government would be furnish-

ing to the remaining defendants a quantity of documents it had previously subpoenaed from Bridgeport Brass Co. The latter thereupon sought to restrict the further disclosure of these documents, and ultimately the Court, Blumenfeld, J., entered the following Order:

> "Therefore, it is ordered that the section 4(c) of the partial bill of particulars be sealed and that copies be furnished only to [certain named defendants and their counsel] for the sole purpose of preparing for trial, until further order of the court."

Although this Order refers only to paragraph 4(c), I am advised by counsel that in fact the Clerk sealed all of the bills of particulars and their supplements, in their entirety.

It is to be noted at the outset that this Order does not purport to limit disclosure by Bridgeport Brass Co. itself, but only certain other named defendants.

It is also reasonably clear from Judge Blumenfeld's opinion that the Order was never intended to affect the rulings of other Courts in subsequent litigation. Indeed, it appears that the intent was to prevent immediate general disclosure of Bridgeport's subpoenaed records, so as to enable Bridgeport "to preserve whatever rights he may have to object to their disclosure to possible claimants who may institute civil proceedings * * *."

■ Nevertheless, I have no wish to create even the appearance of disregard for an Order of Court, and therefore will require National Distillers and Chemical Corporation, defendant in these proceedings and successor to Bridgeport Brass Co., to take the necessary steps to release the other defendants, insofar as the present litigation is concerned, from the restrictions which were imposed at Bridgeport's request.

■ Plaintiffs also seek to compel production of transcripts of summaries of the testimony of grand jury witnesses, as repeated to counsel for recording soon after the grand jury appearance. It is my opinion, however, that these summaries are not discoverable at this stage. No "particularized need" has been shown, such as impeachment or recollection-refreshing; and while the record is fragmentary on this point, I believe there is at least some likelihood of privilege problems. Granting plaintiffs' request for wholesale production of these summaries would not be proper on the present record. Cf. City of Philadelphia v. Westinghouse Electric Corp., supra.

## PRE-TRIAL ORDER NO. 3

AND NOW, this 27th day of March, 1967, it is ordered:

Plaintiffs' motion for production of copies of the bills of particulars, as set forth in paragraph 15 of the motion, is hereby granted. The defendant National Distillers and Chemical Corporation is directed to comply within ten (10) days, and is directed within 30 days to take such action as is necessary to seek a modification of the Order of the United States District Court for the District of Connecticut, entered May 23, 1963, in the case of United States v. Bridgeport Brass, et al., Cr. # 10,725, so as to permit the remaining defendants who may be subject to said Order to comply with plaintiffs' motion hereinabove granted. As to such remaining defendants, compliance with this production Order may be deferred until 10 days after modification of the Connecticut court Order above-mentioned.

Plaintiffs' motion for production of summaries of the testimony of witnesses before the grand jury, as set forth in paragraph 1(b) of the motion, is hereby denied, without prejudice.