Lee W. **HUNYDEE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19904.

United States Court of Appeals
Ninth Circuit.

Dec. 20, 1965.

Carl A. Stutsman, Jr., Kyle D. Brown, Hill, Farrer & Burrill, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van DeKamp, Asst. U. S. Atty., Chief Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief Crim.Div., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and ELY, Circuit Judges.

HAMLEY, Circuit Judge:

Lee W. Hunydee was tried and convicted on four counts of an indictment charging attempts to evade payment of income taxes, in violation of section 7201 of the Internal Revenue Code of 1954 (Code). Appealing to this court Hunydee contends, among other things, that the admission of certain testimony over his objection violated the attorney-client communication privilege.

In the same indictment in which appellant was charged, Audrey Jean Stewart Hunydee was charged with the related offense of aiding in the preparation and presentation of false income tax returns, in violation of section 7206(2) of the Code. Because of a possible conflict of interest, Mr. and Mrs. Hunydee employed separate counsel.

On June 4, 1963, a pre-indictment meeting was held between the co-defendants and their respective attorneys. This meeting was called by Harry D. Steward, counsel for Mrs. Hunydee (then Mrs. Stewart). Steward there stated that he had advised his client to cooperate with the Government but that she was reluctant to do so for fear of hurting Hunydee.

Steward expressed his opinion that if his client would cooperate with the Government she would not be prosecuted; and if Hunydee would plead guilty, Mrs. Hunydee undoubtedly would not be prosecuted.

At this point, Hunydee and his attorney, Carl A. Stutsman, Jr., conferred privately for fifteen or twenty minutes. When the four persons re-assembled, Stutsman stated that his client would enter a guilty plea. Stutsman then turned to Hunydee and asked, "Is that correct? Are you going to plead guilty and clear Jean?" Hunydee responded, "Yes, I will plead guilty and take the blame." The meeting was then brought to a close.

At the trial, Steward and Mrs. Hunydee were permitted, over objection, to testify to the facts related above. The objection made to the admissibility of this testimony was that it revealed a confidential communication between a client and his attorney. The objection was resisted on the ground that, under the indicated circumstances, the communication was not between a client and his attorney, and was not confidential in character.

The principles invoked by the prosecution are that this privilege is inapplicable where the communication was not between attorney and client. (Himmelfarb v. United States, 9 Cir., 175 F.2d 924, 939), or where the client impliedly authorizes his attorney to make disclosure to a third person (Himmelfarb v. United States, at 939), or where, by reason of any other circumstance, the communication was not intended to be confidential. Leathers v. United States, 9 Cir., 250 F.2d 159, 166.

At the trial, and here, Hunydee relies on Continental Oil Co. v. United States, 9 Cir., 330 F.2d 347, to establish an exception to the principles just stated, where actual or prospective co-defendants in a criminal case, and their attorneys, confer on matters of mutual interest concerning the case. The United States, however, argues that Continental applies only where the conference is concerned with trial strategy or defenses. As the

district court found and concluded, the conference here in question was not for these specific purposes, but rather to allow Mrs. Hunydee's attorney to present Hunydee with the alternative of either pleading guilty or having Mrs. Hunydee cooperate with the Government.

In Continental, employees and executives of Standard Oil Company of California and Continental Oil Company were summoned to testify before a federal Grand Jury. Before and after their appearances, these witnesses were interviewed by their respective attorneys who prepared memoranda concerning information received from the witnesses relative to their Grand Jury appearances. These memoranda were subsequently exchanged by counsel representing Continental Oil and its employees and counsel representing Standard Oil and its employees. The exchange of memoranda was made " * * * in confidence in order to apprise each other as to the nature and scope of the inquiry proceeding before the Grand Jury." This was done by the attorneys " * * * in order to make their representation of their clients in connection with the Grand Jury investigation and any resulting litigation, more effective." 330 F.2d at 348–349.

Subpoenas duces tecum were served by the Grand Jury to obtain the memoranda. On appeal, this court ordered that the subpoenas be quashed holding that the memoranda were confidential and within the attorney-client communication privilege. This privilege was not waived by the exchange of memoranda; nor was the privilege found to be any less applicable prior to the filing of an indictment.

█ The pooled information in the Continental Oil Co. case thus did not deal with trial strategy or defenses. It was general information which was needed to apprise the parties of the nature and scope of the Grand Jury proceedings, in order to facilitate representation in those proceedings and in any future proceedings. The rule announced in that case is that where two or more persons who are subject to possible indictment in con-

nection with the same transactions make confidential statements to their attorneys, these statements, even though they are exchanged between attorneys, should be privileged to the extent that they concern common issues and are intended to facilitate representation in possible subsequent proceedings.

█ Applying this principle to the facts of our case, we hold that Hunydee's admissions to his attorney were within the attorney-client communication privilege. These statements apprised the respective attorneys of Hunydee's position at that time and influenced the course of their representation. The admission of testimony concerning the statements made at the pre-indictment conference of the co-defendants and their attorneys was therefore error.

Our disposition of this attorney-client privilege issue makes it unnecessary to consider other questions raised by appellant on this appeal.

Reversed and remanded for a new trial.