**In re Marc LANGSWAGER, a Witness before the Special November 1974 Grand Jury.**

**No. 74 GJ 1436.**

United States District Court, N.D. Illinois, E.D.

May 5, 1975.

---

Ronald T. Mulhall, Stindt & Mulhall, Los Angeles, Cal., for witness.

Douglas P. Roller, Sp. Atty., Chicago Strike Force, Dept. of Justice, Chicago, Ill., for United States.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This matter comes before the court on the motion of the United States for an order compelling Marc L Langswager, a witness before the Special November 1974 Grand Jury to testify as to the circumstances and content of meetings he had with third parties in the presence of his attorney. The witness has moved the court not to enter the requested order on grounds that the compelled testimony would violate the attorney-client and work product privileges as well as the First and Sixth Amendments to the United States Constitution. For the reasons set forth below, the government's motion shall be granted and the witness' motion denied.

The Special November 1974 Grand Jury is currently investigating Playboy Enterprises, Inc. and certain officers, employees and business associates of that firm and others for possible criminal violations, including the possession and distribution of controlled substances. On March 25, 1975, as part of that investigation, the witness was granted immunity pursuant to 18 U.S.C. §§ 6002, 6003. The witness thereafter testified briefly before the grand jury on March 25, and March 31, 1975. On April 8, 1975, the witness again appeared before the grand jury. He was asked if he was represented by Ronald T. Mulhall and he answered in the affirmative. He was

then asked if he was represented in these proceedings by any other attorneys and answered in the negative. The witness was then asked certain questions concerning to whom he had divulged his prior grand jury testimony. He testified that he had discussed his prior testimony in very general terms with J_____ M_____, whom he named but, on the advice of counsel, declined to make any further answer based on the attorney-client and work product privileges. In addition to asserting these privileges, the witness now contends that an order compelling the testimony sought herein would violate his First and Sixth Amendment rights.

In a memorandum filed in support of his motion, the witness intimated that these discussions consisted of conferences attended by other witnesses and/or potential defendants and their attorneys. In an affidavit, Ronald Mulhall, the witness' attorney, indicated that he was present at all of the conferences and that he specifically excluded anyone who in his opinion violated the confidentiality of the communications. Mulhall also stated that these conferences were of assistance to him in representing the witness and that, in his opinion, they would be beneficial to the other attorneys and their clients.

The government now seeks to query the witness regarding:

1) the identity of the persons to whom he made the disclosures;
2) the number of meetings at which disclosures were made;
3) the purpose of the meetings;
4) the extent of any disclosures; and
5) in general, any communication made seeking information from Langswager.

### Attorney-Client Privilege

■ The essential elements of the attorney-client privilege are set forth as follows:

(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived. [8 Wigmore, Evidence § 2292 (McNaughton rev. 1961)]

The burden of establishing the foregoing rests on the claimant seeking to assert the privilege and its scope should be "strictly confined within the narrowest possible limits." 8 Wigmore, Evidence § 2291 (McNaughton rev. 1961); United States v. Goldfarb, 328 F.2d 280 (6th Cir.) cert. denied, 377 U.S. 976, 84 S.Ct. 1883, 12 L.Ed.2d 746 (1964); United States v. Schmidt, 360 F.Supp. 339 (M. D.Pa.1973); see Radiant Burners, Inc. v. American Gas Association, 320 F.2d 314 (7th Cir. 1963). The court is of the opinion that the witness has failed to establish the third and fourth elements.

The fourth prerequisite cited by Wigmore is that the privilege protects only those documents and oral statements communicated to the attorney in professional confidence. This circuit, in United States v. Brown, 478 F.2d 1038, 1040 (7th Cir. 1973), has deemed confidentiality to be the essence of the privilege: "(w)hat is vital to the privilege is that the communication be made in *confidence* for the purpose of obtaining *legal* advice *from the lawyer*." (Emphasis in original.)

■ Thus, whenever the communication is intended by the client to be made public or revealed to third persons the element of confidentiality is destroyed and with it the privilege. Similarly, if the same statements have been made by the client to third persons on other occasions this is persuasive that like communications to the attorney were not intended to be confidential. 8 Wigmore, Evidence § 2311 (McNaughton rev. 1961); McCormick, Evidence § 95 (2d ed. 1972); Colton v. United States, 306 F.2d 633 (2d Cir. 1962).

■ The witness herein has admittedly discussed his grand jury testimony with at least one third party, J—— M——, who is apparently unconnected with the investigation. In addition, the simple reiteration or summarization of grand jury testimony by a witness to his attorney must, of necessity, involve the passing of non-confidential information because the testimony was given in the presence of both the grand jurors and the government's attorney.

■ The witness' reliance on two Ninth Circuit decisions, Continental Oil Company v. United States, 330 F.2d 347 (9th Cir. 1964) and Hunydee v. United States, 355 F.2d 183 (9th Cir. 1965) is misplaced. The rule announced in *Continental Oil* and followed in *Hunydee* is that "where two or more persons who are subject to possible indictment in connection with the same transactions make *confidential* statements to their attorneys, these statements, even though they are exchanged between attorneys, should be privileged to the extent that they concern common issues and are intended to facilitate representation in possible subsequent proceedings." (Emphasis added.) Hunydee v. United States, *supra* at 185. This rule is inapposite to the instant situation because the communications herein were previously disclosed to third parties, and because the government does not seek the content of the witness' statements but rather to whom these statements were made.

■ The third prerequisite cited by Wigmore is that the privilege protects only "communications." In Colton v. United States, *supra* at 637, Chief Judge Lumbard discussed this element and the exception relied upon by the witness:

. . . [T]he authorities are clear that the privilege extends essentially only to the substance of matters communicated to an attorney in professional confidence. Thus the identity of a client, or the fact that a given individual has become a client are matters which an attorney normally may not refuse to disclose, even though the fact of having retained counsel may be used as evidence against the client. . . . To be sure, there may be circumstances under which the identification of a client may amount to the prejudicial disclosure of a confidential communication, as where the substance of a disclosure has already been revealed but not its source. [Citations omitted.]

The Seventh Circuit, relying on *Colton,* has held that an attorney could not be compelled to disclose the identity of his client where such a disclosure would reveal the client's motive in seeking legal assistance, and might furnish the basis of a suit against him. Tillotson v. Boughner, 350 F.2d 663 (7th Cir. 1965); *see* N. L. R. B. v. Harvey, 349 F.2d 900 (4th Cir. 1965); Baird v. Koerner, 279 F.2d 623 (9th Cir. 1960).

Relying on *Tillotson,* the witness contends that the mere disclosure of the third party attorneys would amount to a disclosure of the communication itself since the substance of that conversation would obviously relate to their clients. In essence, the witness has placed himself in the position of an attorney seeking to protect his client. The rejoinder to this argument is that the witness is neither an attorney nor has an attorney-client relationship been established between himself and the third parties to whom he disclosed his grand jury testimony. Moreover, the witness has no standing to complain that the disclosures sought by the government may incriminate third persons.

■ In sum, the witness seeks to employ the attorney-client privilege to prevent the disclosure of certain third parties to whom he made non-confidential statements. The court is of the opinion that this approach constitutes an unwarranted expansion of the privilege and would emasculate the admonition of Professor Wigmore that the privilege should be confined to its narrowest possible limits. It shall, therefore, be the

order of the court that the witness testify as to the identity of any third persons to whom he disclosed the content of his grand jury testimony, the number of meetings at which disclosures were made and the extent of the disclosures. Questions relating to the purpose of these meetings and other communications made seeking information from the witness may involve both the attorney-client and work product privileges and can only be reviewed by the court on an individual basis.

## Work Product Privilege

The witness' second contention is that an order compelling disclosure of the above-described materials would run afoul of the attorney work product privilege. In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the Supreme Court held that materials prepared by attorneys in anticipation of litigation including mental impressions, conclusions, opinions and legal theories are not subject to discovery without a showing of necessity or justification. While the work product doctrine has been held to be applicable to grand jury proceedings, In re Grand Jury Proceedings, 473 F.2d 840 (8th Cir. 1973), it is clear to the court that the questions now propounded to the witness do not require the revelation of any work product of his attorney nor has the witness cited any caselaw supporting this contention. Moreover, the government has expressly indicated that the witness will not be asked questions concerning any advice rendered to him by counsel unless it appears that a criminal violation was involved.

## Sixth Amendment

Third, the witness asserts that the disclosure of the information sought herein would violate his Sixth Amendment right to the effective assistance of counsel. The witness relies solely upon In Re Grand Jury Summoned October 12, 1970, 321 F.Supp. 238 (D.C.Ohio 1970), in which government attorneys had instructed grand jury witnesses to report back to the grand jury if interrogated as to the questions asked of them by the grand jury. The government's sole objective was to discourage potential criminal defendants from reconstructing grand jury proceedings by systematically debriefing grand jury witnesses. The effect of the limiting instruction was that three witnesses who had appeared before the grand jury refused to discuss their testimony with potential defendants, apparently believing that they were under some total restraint or were otherwise dissuaded by the possibility of having to report back to the grand jury.

The district court first noted, and this court agrees, that the secrecy of grand jury proceedings may not be imposed upon witnesses who appear before a grand jury. Philadelphia Electric Co. v. Anaconda American Brass Co., 41 F.R.D. 518 (E.D.Pa.1967); Palmentere v. Campbell, 205 F.Supp. 261 (W.D.Mo. 1962). The court then concluded that the effect of the instruction was the same as if an absolute prohibition had been imposed and ordered the government to advise the witnesses that there was no obligation of secrecy on their part and that they were not obligated to report back to the grand jury if they were interrogated.

In the instant case, the government has not sought to impose an obligation of secrecy on the witness. Nor has the court sua sponte attempted to impose any such obligation. The witness remains free to discuss his testimony with anyone and may be so instructed. This right is not in any way diminished by subsequent grand jury questioning which requires him to reveal the circumstances surrounding any third party interrogations. The witness may at that time invoke any privileges which may be appropriate. The possibility that the third parties with whom the witness discussed his grand jury testimony may be incriminated by the disclosures sought by the government can be

of no consequence to the witness. For these reasons, it is the opinion of the court that the witness' right to effective assistance of counsel will not be hindered by an order compelling the testimony sought herein.

### First Amendment

 Finally, the witness argues that the court, by embracing the government's position, would preclude the type of cooperation and pooling of information expressly approved in *Hunydee* and *Continental Oil* and thereby encroach upon the witness' First Amendment right to freedom of association. Again, it must be emphasized that the government has not sought to restrain in any way the witness' prerogative to freely disclose his grand jury testimony to third persons. Moreover, the *Hunydee* and *Continental Oil* cases involved the interchange of *confidential* information and are therefore inapposite to the instant situation.

### Conclusion

It should be emphasized that this witness has been granted "use" immunity and that no testimony or other information subsequently divulged by him to the grand jury may be used against him in any criminal case, except a prosecution for perjury. It is evident to the court from the facts surrounding this motion and the arguments asserted by the witness that the real beneficiaries of the witness' refusal to testify are potential witnesses and criminal defendants presently unknown to the government. The withholding of pertinent information necessary for the completion of a grand jury investigation will not be countenanced by this court.

It is therefore ordered that Marc L. Langswager, a witness before the Special November 1974 Grand Jury, shall testify as to the following: 1) the identity of any persons to whom he disclosed the content of his prior grand jury testimony; 2) the number of meetings at which disclosures were made; and 3) the extent of any disclosures.

It is further ordered that any questions relating to: 1) the purpose of these meetings and 2) other communications made seeking information from the witness, may be objected to by the witness on the grounds of the attorney-client and work product privileges and these objections will be reviewed by the court on an individual basis as the questions are propounded.