UNITED STATES of America,
Plaintiff-Appellee,

v.

H. B. SANDINI, Defendant-Appellant.

No. 79–5738.

United States Court of Appeals,
Fifth Circuit.*
Unit B

Nov. 2, 1981.

Rehearing and Rehearing En Banc
Denied Dec. 30, 1981.

Barry Hess, Daniel L. McCleave, Mobile, Ala., for defendant-appellant.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

W. A. Kimbrough, Jr., U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, MORGAN and HENDERSON, Circuit Judges.

HENDERSON, Circuit Judge:

This appeal stems from the same fact situation underlying the companion case of *United States v. DeSimone*, 660 F.2d 532 (5th Cir. 1981). The appellant, H. B. Sandini, was tried separately and ultimately convicted of conspiracy to possess with intent to distribute marijuana, 21 U.S.C.A. § 846; importation of marijuana, 21 U.S.C.A. § 952(a); and conspiracy to import marijuana, 21 U.S.C.A. § 963. We affirm his conviction.

Our main concern on this appeal is Sandini's contention that his conviction is invalid due to a problem that developed at trial which he labels both a conflict of interest and a violation of the attorney-client privilege. Sandini moved in the district court to suppress the testimony of James Iouna, a previously convicted co-conspirator. Iouna agreed to testify against Sandini in exchange for the government's recommendation of a lenient sentence. At this point in the overall proceedings, although not at his own trial, Iouna was represented by an attorney named Steven Ludwick.

Sandini maintains that he consulted with Ludwick shortly after his arrest, and that Ludwick agreed at that time to represent him as well as two co-defendants, William Thomas Craig and Robert Anthony DeSimone, in an impending state prosecution. Ludwick thereafter learned that the federal government planned to prosecute these individuals under a conspiracy theory, and he advised Sandini and Craig to retain separate counsel. However, Sandini contends that by that time he had fully disclosed to Ludwick the pertinent facts relating to the charges against him.

Given this sequence of events, we believe that Sandini's objections to Ludwick's later representation of a witness who testified against him are well-founded. He points to two cases which involved similar considerations. In *United States v. Kitchin*, 592 F.2d 900 (5th Cir.), *cert. denied*, 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979),[1] an assistant United States attorney who had actively participated in the pre-indictment investigation into the defendant's criminal activities became an associate in the defense counsel's law firm prior to the trial. Similarly, in *United States v. Ostrer*, 597 F.2d 337 (2d Cir. 1979), the defendant was represented by a former federal prosecutor who had previously been involved in the related investigations and prosecutions of three persons whom the government intended to call as witnesses. In each case, the government successfully moved for disqualification of the defendant's chosen counsel.

These cases are factually analogous, although certainly not identical, to the one here.[2] Nevertheless, we have difficulty in applying their rationales here because Sandini sought suppression of Iouna's testimony rather than the disqualification of Ludwick.

The district court approached this problem during an *in camera* hearing in which Sandini was allowed to testify to the nature of his earlier contacts and consultations with Ludwick. The court found that, assuming the truth of Sandini's statements, an attorney-client relationship had developed between these two men. However,

---

1. Interestingly enough, Mr. Ludwick was the central figure in the *Kitchin* controversy also.

2. To be distinguished are cases such as *U. S. v. Martinez*, 630 F.2d 361 (5th Cir. 1980), and *U. S. v. Alvarez*, 580 F.2d 1251 (5th Cir. 1978), where the defendants were denied effective assistance of counsel because their own trial attorneys either previously or simultaneously represented witnesses who testified against

them. Sandini's trial counsel was not laboring under any conflict of interest and there is no contention that his representation was ineffective. Rather, any possible conflict arises from Ludwick's representation of Iouna after he had at one time consulted in a professional capacity with Sandini in connection with this same criminal case.

the judge then essentially placed the burden on Sandini to demonstrate that Ludwick had abused that relationship:

> The Court is unwilling to make a ruling presumptively that Mr. Ludwick has breached a confidence that might have existed between Mr. Sandini and Mr. Ludwick. . . .

> .   .   .   .   .

> There would have to be some showing to this Court that the information Mr. Iouna proposes to give was information that only could have come through a breach of confidential relationship. The fact that both had the same lawyer is not enough in this Court's opinion to preclude one co-defendant from testifying against another co-defendant.

(R. 676, 678). The district court examined Iouna's proffered testimony and concluded that it consisted entirely of matters that could only have been known to him by virtue of his own participation in the criminal scheme. Our own reading of this statement and of Iouna's actual trial testimony convinces us that this assessment was correct. There is absolutely no indication that Ludwick divulged to Iouna confidential communications between him and Sandini, or that Iouna's testimony was tainted by such a disclosure.[3] Moreover, Sandini was unable or unwilling to particularize to the court the manner in which he felt he was prejudiced. Under the particular circumstances of this case, we believe the district court properly denied the motion to suppress Iouna's testimony.[4]

■ There is one other assignment of error to which the parties devoted considerable attention both at oral argument and in their briefs. Sandini insists that the district court erred in failing to suppress evidence of certain monies, totaling over $16,-500.00, which were discovered on his person and in his car at the time of his arrest. We agree with the district court's observation that this issue is somewhat of a "tempest in a teapot." It is undisputed that the state authorities who seized the money did not have a warrant at the time of the search. It is also agreed that the warrant they obtained for Sandini's arrest was ultimately determined to be invalid. The point of contention argued by the parties at great length is whether the arrest and the search incident thereto were supported by independent probable cause. We see no need to delve into this inquiry. Clearly, any error in allowing the government's witnesses to testify as to the amount of cash carried by Sandini was harmless beyond a reasonable doubt. The evidence against him was overwhelming, and this particular testimony was probably among the least damaging of the lot. *See United States v. Marcantoni,* 590 F.2d 1324, 1330–31 (5th Cir. 1979); *United States v. Hall,* 587 F.2d 177, 182 (5th Cir. 1979); *United States v. Gramlich,* 551 F.2d 1359, 1364 (5th Cir. 1977). We also reject Sandini's assertion that the invalid arrest warrant was a product of prosecuto-

---

3. Cf. *Hunydee v. U. S.,* 355 F.2d 183 (9th Cir. 1965), where the Ninth Circuit held that the admission of testimony which consisted of the defendant's *statements* to his attorney constituted error.

4. Accord, *U. S. v. Sander,* 615 F.2d 215 (5th Cir. 1980). There, the attorney originally retained by the appellant was murdered shortly thereafter. Because the appellant was mentioned as a possible suspect in the murder, the police procured his file from the attorney's office and glanced through it. The appellant moved for dismissal of the indictment, alleging a violation of his Sixth Amendment right to counsel. The district court conducted an *in camera* hearing during which the appellant expressed his concern about a handwritten statement which he had given the attorney. The police officer who examined the file testified that he did not see such a document, that he did not discuss the file with any federal agents, and that he supplied no evidence to the government. No information secured from the file was ever used against the appellant at his trial. Having reviewed these facts, this court affirmed the conviction, explaining:

> Where there is an intrusion on the attorney-client relationship the remedy for such a violation is not dismissal but the suppression of any evidence so obtained. . . . Appellant Sander made no showing of injury or prejudice because of the fact that his file at his attorney's office was viewed by the El Paso police and the Court below properly denied his motion to dismiss.

*Id.* at 219 (citations omitted).

rial misconduct, and that suppression was mandated for this reason.

As for Sandini's constitutional challenge to the classification of marijuana as a controlled substance, he fares no better than did the appellants in the companion case. *See United States v. DeSimone,* 660 F.2d 532 (5th Cir. 1981). We also conclude that his objections to the testimony of government witnesses on hearsay and relevancy grounds fail to demonstrate reversible error.

For the foregoing reasons, the judgment of conviction is AFFIRMED.