Michael W. RYALS, Suzanne Hart, Mazda Motor Corporation, and Transnational Motors, Inc., Relators,

v.

The Honorable Adolph CANALES, Judge, 298th District Court of Dallas County, Texas, Respondent.

No. 05–88–01398–CV.

Court of Appeals of Texas, Dallas.

March 6, 1989.

Rehearing Denied March 29, 1989.

P. Michael Jung, Mark M. Donheiser, Strasburger & Price, Rhonda Johnson Byrd, Belinda A. Vrielink, Thompson, Coe, Cousins & Irons, Dallas, for relators.

Richard N. Countiss, Rita M. Swanson, Law Office of Windle Turley, P.C., Dallas, for respondent.

Before HOWELL, McCLUNG and ROWE, JJ.

ROWE, Justice.

Relators Michael W. Ryals and Suzanne Hart (collectively "Ryals") and Mazda Motor Corporation and Transnational Motors, Inc. (collectively "Mazda") bring this petition for writ of mandamus to compel the Honorable Adolph Canales, Judge of the 298th Judicial District Court of Dallas County, Texas, to vacate an order directing Ryals to produce for the real party in interest, Guy McRoberts, those documents which Ryals and Mazda claim are protected by the "joint defense" privilege. We conditionally grant the writ.

This is the second mandamus proceeding arising from the underlying dispute between the parties. *See Ryals v. Canales,* 748 S.W.2d 601 (Tex.App.—Dallas 1988, orig. proceeding). In the original action in the trial court, McRoberts sued Ryals and Mazda for damages arising from an automobile accident. McRoberts and Ryals reached a settlement, which was reduced to a judgment, the original judgment being signed on November 14, 1986, and an amended judgment being signed on November 24, 1986. These judgments also severed the actions against Ryals from the rest of the case. The effect of the first

mandamus was to declare void for want of jurisdiction an order which Judge Canales signed on June 9, 1987, vacating the aforementioned judgments and rejoining Ryals to the original cause. *See Ryals*, 748 S.W. 2d at 606.

On June 28, 1988, following our decision, McRoberts filed with the trial court a petition for bill of review, seeking to set aside the amended judgment of November 24, 1986, confirming a settlement between him and Ryals. On August 3, 1988, Mazda filed a plea of intervention in the bill of review proceeding, claiming that it had standing because, if the petition were granted, the resulting new trial would cause delay in trial of the severed action by McRoberts against it. On October 4, 1988, the court struck Mazda's plea in intervention. On October 13, 1988, Ryals filed a third-party complaint against Mazda in the bill of review proceeding, claiming that Mazda was responsible for any harm to McRoberts.

On November 4, 1988, McRoberts served on counsel for Ryals and the custodian of records at his attorney's law firm notices of depositions and subpoenas duces tecum in the bill of review proceeding. Five days later, Ryals filed motions for protective orders on behalf of counsel and the custodian of records. In these motions, Ryals asserted the "joint defense" privilege.

On November 18, 1988, a hearing was held on the motions for protective orders. The only evidence introduced in support of the claimed privilege was the affidavit of Rhonda Johnson Byrd. At the hearing, Judge Canales first determined that the third-party complaint brought by Ryals against Mazda was not timely filed and then *sua sponte* entered an order striking the complaint.

On November 22, 1988, Judge Canales entered the order that is the subject of this mandamus. In the order, he directed Ryals to produce those documents generated after the petition for bill of review was filed for which the "joint defense" privilege had been asserted; he also denied a request that the documents be inspected *in camera*. At the same time, he entered a separate order that an *in camera* inspection be conducted of all other documents for which Ryals had requested a protective order.

■ Under Texas Rule of Civil Evidence 503(b)(3), a client has a privilege to refuse to disclose and to prevent any other person from disclosing:

> confidential communications made for the purpose of facilitating the rendition of professional legal services by him or his representative or his lawyer or a representative of the lawyer to a lawyer, or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein.

TEX.R.CIV.EVID. 503(b)(3). Parties may assert the privilege when they are: (1) parties in the same lawsuit, *see Hunydee v. United States*, 355 F.2d 183, 185 (9th Cir. 1965); (2) parties who are about to be in the same lawsuit, making their communications in anticipation of litigation, *see Miller v. U.S. Dept. of Energy*, 499 F.Supp. 767, 771 (D.Or.1980); or (3) parties with common defenses against a plaintiff, *see Roberts v. Carrier Corp.*, 107 F.R.D. 678, 687–88 (N.D.Ind.1985). One commentator has noted that the Texas rule derived from an earlier proposed federal rule. With respect to the proposed federal rule, the advisory committee commented that the privilege "occurs in the 'joint defense' or 'pooled information' situation where different lawyers represent clients who have some interests in common.... The rule does not apply to situations where there is no common interest to be promoted by a joint consultation, and the parties meet on a purely adversary basis." *See* H. WENDORF & D. SCHLUETER, TEXAS RULES OF EVIDENCE MANUAL at 601–02 (2d ed. 1988).

■ In the present cause, Mazda first filed its plea in intervention on August 3, 1988. From that time until the time its plea was stricken on October 4, 1988, Mazda, at least in theory, was aligned with Ryals as a party before the court. Similarly, during the period that Ryals' third party complaint was on file, Mazda was also a party. Even though it was then nominally

aligned against Ryals, its interest in the outcome of the proceedings vis-a-vis McRoberts most likely coincided with that of Ryals. In addition, during the period preceding Mazda's intervention and the period between the striking of Mazda's plea in intervention and the filing of the third-party complaint, it is conceivable that communications took place between Ryals and Mazda in anticipation of Mazda's entry into the proceedings. Thus, regardless of whether Mazda was *properly* a party in the bill of review proceeding, it was in fact a party. Thus, we conclude that if any communications took place between Ryals and Mazda which otherwise meet the requirements of rule 503(b)(3), Ryals was entitled to assert the "joint defense" privilege.

We do not purport to rule on the merits of Ryals and Mazda's claim of joint defense. We hold only that under the facts of this case, Ryals was not precluded from asserting the claim that his communications with Mazda were protected from discovery because of the joint defense privilege.

Judge Canales and McRoberts claim, however, that the affidavit presented by Ryals in support of his claim was insufficient to satisfy the requirements of Texas Rule of Civil Procedure 166b(4). That rule provides:

> [A] party who seeks to exclude any matter from discovery on the basis of an exemption or immunity from discovery must specifically plead the particular exemption or immunity from discovery relied upon and produce evidence supporting such claim in the form of live affidavits or live testimony presented at a hearing requested by either the requesting or objecting party....

TEX.R.CIV.P. 166b(4).

■ A party seeking to exclude documents, records, or other matters from the discovery process must specifically plead the particular privilege or immunity claimed and must request a hearing on his motion. *Weisel Enter., Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex.1986); *Peeples v. Fourth Supreme Judicial Dist.*, 701

S.W.2d 635, 637 (Tex.1985). The party must then offer evidence to establish a prima facie case that a privilege exists. *Shell Western E & P, Inc. v. Oliver*, 751 S.W.2d 195, 197 (Tex.App.—Dallas 1988, orig. proceeding). The evidence may be in the form of testimony or affidavits. TEX. R.CIV.P. 166b(4). Global assertions of privilege, however, do not constitute evidence in support of the claim. *Barnes v. Whittington*, 751 S.W.2d 493, 495 (Tex. 1988); *Weisel*, 718 S.W.2d at 58. Once the prima facie case has been established and the contested documents have been tendered, the trial court must conduct an *in camera* inspection if it determines that such an inspection is necessary in order to establish whether the party seeking protection is entitled to relief. *Shell Western*, 751 S.W.2d at 197.

■ As above noted, the only evidence introduced in support of the claimed "joint defense" privilege at the hearing on the motions for protective orders was Byrd's affidavit. In pertinent part, this affidavit states:

> The documents identified in Respondents' two Motions for Protective Order as subject to the "joint defense privilege" contain confidential communications made for the purpose of facilitating the rendition of professional legal services to the client by Respondents to their representative or their lawyer or a representative of a lawyer to a lawyer, or a representative of a lawyer representing another party in the pending action and concerning a matter of common interest therein.

Rule 503 of the Texas Rules of Evidence provides, in pertinent part:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing ... confidential communications made for the purpose of facilitating the rendition of professional legal services by him or his representative or his lawyer or a representative of the lawyer to a lawyer, or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein.

TEX.R.CIV.EVID. 503(b)(3). Because the language contained in the affidavit merely reiterates the language of rule 503(b)(3), relator has done no more than offer a definition of the term "joint defense privilege." We find no factual recitations in the affidavit which apply this privilege to the specific facts of the underlying litigation. The affidavit thus constitutes no evidence in support of the privilege. *Barnes,* 751 S.W.2d at 495; *Weisel,* 718 S.W.2d at 58.

In the motions for protective order, however, Ryals offered to produce the documents in question for an *in camera* inspection. The Supreme Court has recognized that at times, the documents themselves may be the only available evidence of the privilege. *Barnes,* 751 S.W.2d at 495; *Weisel,* 718 S.W.2d at 58. When this is the case and the documents are tendered to the trial court, the trial court has no option but to conduct an *in camera* inspection of the documents. *Barnes,* 751 S.W. 2d at 495; *Weisel,* 718 S.W.2d at 58. We conclude that by failing to include the documents allegedly protected by the joint defense privilege in his November 22, 1988 order directing that an *in camera* inspection of documents be conducted, Judge Canales abused his discretion.

For the above reasons, we will conditionally grant relators' petition for writ of mandamus. Judge Canales is directed to vacate his order of November 22, 1988, which directs relators to produce all documents alleged to be protected by the "joint defense" privilege. Judge Canales is further directed to vacate those portions of his other order of November 22, 1988, which exclude from an *in camera* inspection of documents those documents for which relators claimed the "joint defense" privilege and which direct that only all non-excluded documents be tendered for inspection by December 1, 1988. We are confident that Judge Canales will comply with the directive of this Court. If, however, he does not, the writ shall issue.