**UNITED STATES of America, Defendant–Appellee,**

v.

**Michael Jeffrey STOTTS, Plaintiff–Appellant.**

**No. 88–4326**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 17, 1989.

---

John Ashby Hernandez, Jr., Carencro, La. (court-appointed), for defendant-appellee.

Michael Jeffrey Stotts, Memphis, Tenn., pro se.

Lawrence W. Moon, Jr., Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Thomas B. Thompson, Asst. U.S. Atty., Lafayette, La., for plaintiff-appellant.

Before POLITZ, JOHNSON, and JOLLY, Circuit Judges.

**PER CURIAM:**

Petitioner Michael J. Stotts appeals the dismissal by the district court of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In November 1983, petitioner Michael J. Stotts was incarcerated at the St. Martin Parish Jail in St. Martinville, Louisiana, after being convicted for escaping from a federal facility. While awaiting sentencing for his conviction on the escape charge, Stotts devised an extortion scheme involving three of his fellow inmates at the St. Martinville facility. As part of the above extortion scheme, Stotts directed his fellow inmates, Jack Segura, James Pool, and Wilfred Fabiano, to send letters demanding $1,000 to each of the jurors who had convicted Stotts of the escape charge. The letters, which were written by Stotts and his fellow inmates, threatened the lives of the jurors if the jurors failed to pay the $1,000. Stotts himself did not sign any of the above letters, but instead directed Segura, Pool, and Fabiano to sign the letters. On each of the letters, of which all but one were postmarked December 28, 1983, the return address was the St. Martin Parish Jail. As described by this Court in its opinion affirming the conviction of Stotts and his co-defendants on direct appeal, "[n]eedless to say, this was far from the most foolproof extortion scheme ever devised." *United States v. Stotts*, 792 F.2d 1318, 1320 (5th Cir.1986).

Predictably, Stotts and his co-defendants were convicted for their actions in the extortion scheme. In particular, Stotts himself was convicted on one count of conspiracy to commit extortion and seven counts of extortion. For his crime, Stotts was sentenced to a term of imprisonment of fifteen years. On direct appeal, this Court affirmed Stotts' conviction. *Stotts*, 792 F.2d 1318.

Subsequently, Stotts, proceeding pro se, filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The matter was thereafter referred to a federal

magistrate who recommended dismissal of the section 2255 motion. After reviewing the report and recommendation of the magistrate, the district court dismissed Stotts' section 2255 motion. Stotts now appeals with the aid of appointed counsel.

## II. DISCUSSION

In his section 2255 motion, Stotts raises the following four grounds for relief as identified by the magistrate: (1) that Stotts was denied effective assistance of counsel; (2) that Stotts was denied his sixth amendment right to call witnesses and to present evidence in his favor at trial; (3) that the Government failed to disclose evidence favorable to Stotts' defense; and (4) that newly obtained evidence entitles Stotts to a new trial on the extortion charge. For the following reasons, we reject each of the above contentions by Stotts and affirm the district court.

■ Initially, Stotts maintains that he was denied effective assistance of counsel when the district court granted the motion of his court appointed attorney to withdraw from representing Stotts and appointed other trial counsel for Stotts approximately thirteen days prior to his trial date. In this regard, Stotts contends that the second trial counsel could not adequately prepare for the extortion trial due to the time constraints. In rejecting the above claim by Stotts, the magistrate found that "a review of the trial transcript shows that Skinner [Stotts' trial counsel] was thorough and zealous in his representation, and performed well above the objective standards of reasonableness." Applying the standard for ineffective assistance of counsel claims enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we are similarly persuaded that Stotts fails to allege sufficient facts in his section 2255 motion to warrant relief on this ground.[1]

■ Stotts next asserts that the district court presiding over his extortion trial erred in not allowing his former attorney,

Arthur F. Schafer, to testify concerning statements made by Stotts' co-defendants. The pertinent statements were allegedly made by Stotts' co-defendants during a strategy meeting which was held at the time Schafer was representing Stotts and which was attended by Schafer, Stotts, co-defendant Fabiano, Fabiano's attorney, and co-defendant Segura. Stotts maintains that statements were made at this strategy meeting by Stotts' co-defendants concerning his innocence. When Stotts attempted to call Schafer as a witness at his extortion trial to testify as to the statements regarding his innocence made by his co-defendants at the strategy meeting, trial counsel for Stotts' co-defendants objected on the basis of the attorney-client privilege. The trial court sustained the objection. In *Hunydee v. United States*, 355 F.2d 183, 185 (9th Cir.1965), the Ninth Circuit concluded that confidential statements to attorneys uttered by two or more persons who are subject to possible indictment in connection with the same transaction should be privileged to the extent that those statements concern common issues and are intended to facilitate representation in possible subsequent proceedings, even though the statements are exchanged between attorneys. *See also United States v. McPartlin*, 595 F.2d 1321 (7th Cir.), *cert. denied*, 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979). Persuaded that the magistrate correctly applied the rationale of the court in *Hunydee* to reject the claim of Stotts in the instant case, we likewise reject Stotts' contention on this basis.

■ Stotts further claims in his section 2255 motion that the Government failed to disclose evidence favorable to his defense in the form of a written statement provided by a fellow inmate of Stotts, Jimmy Dillingham, which was in a separate civil rights action filed in the United States District Court of Wisconsin. Apparently, the Government provided Stotts with a copy of Dillingham's written statement in the Wisconsin proceeding, but excised certain por-

---

1. We also reject Stotts' related contention that he was denied effective assistance of counsel by the district court's refusal to appoint counsel to assist him in asserting his § 2255 motion before the magistrate.

tions of that statement. Stotts alleges that the excised portions of the statement address the extortion scheme and contain exculpatory information as to Stotts. Stotts specifically seeks the excised portions of the written statement of Dillingham to impeach the testimony of Dillingham at his extortion trial. At Stotts' extortion trial, Dillingham testified that Stotts told him of the extortion scheme which had been carried out one year previously and bragged that the scheme had been his idea. On this claim, the magistrate concluded that Stotts had failed to demonstrate that he was entitled to the excised portions of Dillingham's written statement under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. We affirm that conclusion and reject Stotts' claim in this regard.

Finally, Stotts contends that newly discovered evidence entitles him to a new trial on the extortion charge. Specifically, Stotts filed an affidavit with his section 2255 motion signed by co-defendant Jack Segura who claims that Stotts is innocent and had no involvement in the extortion scheme. In accordance with the holding of this Court in *Shaver v. Ellis*, 255 F.2d 509, 511 (5th Cir.1958), that questions of guilt or innocence are not matters to be considered upon petition for habeas corpus, we reject the instant claim of Stotts.

For these reasons, we affirm the district court's dismissal of Stotts' motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

AFFIRMED.