The **BOSTON AUCTION COMPANY, LTD., Plaintiff,**

v.

**WESTERN FARM CREDIT BANK, Defendant.**

Civ. No. 95–00740 HG.

United States District Court, D. Hawai'i.

April 15, 1996.

Stanley E. Levin, Michael K. Livingston, Davis Levin Livingston Grande, Honolulu, Hawai'i, for plaintiff.

Paul A. Schraff, Dwyer Imanaka Schraff Kudo Meyer & Fujimoto, Honolulu, Hawai'i, for defendant.

## ORDER FOR PRODUCTION OF DOCUMENTS

KURREN, United States Magistrate Judge.

In this breach of contract action, plaintiff Boston Auction Company, Ltd., seeks from defendant Western Farm Credit Bank ("WFCB") a commission on one or more unsuccessful attempted sales of land owned by Hamakua Sugar Company ("HSC") to Royal Coast Waipio Corporation ("RC"). The attempted sales of those lands were part of an overall effort to restructure and pay off a loan from WFCB to HSC.

On March 20, 1996, this court held a discovery conference concerning two matters: 1) whether WFCB waived the attorney-client privilege for documents shown to the Farm Credit Administration ("FCA"), and 2) whether WFCB can claim a joint defense privilege from discovery for communications between WFCB and its attorneys and HSC's attorneys concerning settlement of an attempted sale of land to RC.

The court has reviewed the letter briefs submitted by the parties and has carefully considered the arguments therein as well as the further arguments offered by counsel at the March 20, 1996, discovery conference. Accordingly, the court ORDERS that 1) Defendant is entitled to refuse production of privileged documents for which no waiver was effected by disclosure to the FCA; and 2) that Defendant has not established that the joint defense privilege applies to communications with HSC, through their counsel or otherwise. Defendant is ORDERED to produce those documents or those portions of documents for which it claims a joint defense privilege.

## DISCUSSION

██ Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ... which appears reasonably calculated to lead to the discovery of admissible evidence." The proponent of a privilege bears the burden of establishing it. *E.g., Weil v. Investment/Indicators, Research & Mgmt., Inc.,* 647 F.2d 18, 25 (9th Cir.1981).

I. *Attorney–Client Privilege/Documents Shown To The FCA*

██ This action is before this court pursuant to diversity jurisdiction and the availability of attorney-client privilege is therefore governed by state law. Fed.R.Evid. 501; *e.g., KL Group v. Case, Kay & Lynch,* 829 F.2d 909, 918 (1987).

The Hawai'i common-law of attorney-client privilege has been codified as Rule 503,[1] Hawaii Rules of Evidence, as the "lawyer-client" privilege.[2]

██ The Hawai'i Supreme Court has adopted Professor Wigmore's formulation that the party asserting the lawyer-client privilege must prove that:

> lawyer representing another party in a pending action and concerning a matter of common interest, or (4) between representatives of the client or between the client and a representative or the client, or (5) among lawyers and their representatives representing the same client.
>
> Haw.Rev.Stat. § 626–1, Haw.R.Evid. 503(b).

**1.** The statute provides in relevant part that:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between the client of the client's representative and the lawyer or the lawyer's representative, or (2) between the lawyer and the lawyer's representative, or (3) by the client or the client's representative or the lawyer or a representative of the lawyer to a lawyer or a representative or a

**2.** The terms "lawyer-client privilege" and "attorney-client privilege" are hereinafter used interchangeably.

(1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are· at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived. *Sapp v. Wong,* 62 Haw. ·34, 38, 609 P.2d 137, 140 (1980) (citing 8 Wigmore, Evidence § 2292 (McNaughton Rev.1961)).

 Under Hawaii law, privileges are to be construed narrowly. In *DiCenzo v. Izawa,* the Hawai'i Supreme Court stated that: since [a privilege] "works to suppress otherwise relevant evidence" and forestall a search for truth, "the limitations which restrict the scope of its operation ... must be assiduously heeded." *Sapp v. Wong,* 62 Haw. 34, 38, 609 P.2d 137, 140 (1980) (citation omitted). Put another way, the privilege "must be strictly limited to the purpose for which it exists."

68 Haw. 528, 535, 723 P.2d 171, 175 (1986) (citation omitted). In addition, a privilege "ought to be strictly confined within the narrowest limits consistent with the logic of its principle." *Id.* at 539, 723 P.2d at 177 (citation omitted).

### A. Attorney–Client Privilege Shown

The court has reviewed the documents shown by WFCB to the FCA *in camera.* As a threshold matter, the court finds that the documents are confidential communications protected by the attorney-client privilege.

### B. Privileged Communication to The FCA

 The documents shown to the FCA by WFCB were not disclosed beyond the FCA. The FCA is prohibited from disclosing information of a type not ordinarily contained in published reports. 12 C.F.R. § 602.200. The information is not available under the Freedom of Information Act. 12 C.F.R. § 602.250. This court · is influenced in its ruling by the policy analysis conducted by Court of Appeals for the District of Columbia Circuit in finding that communications between a bank and its regulators were privileged in their own right.

Because bank supervision is relatively informal and more or less continuous, so too must be the flow of communication between the bank and the regulatory· agency. Bank management must be open and forthcoming in response to· the inquiries of bank examiners, and the examiners must in turn be frank in expressing their concerns about the bank. These conditions simply could not be met as well if communications between the bank and its regulators were not privileged.

*In re Subpoena Served Upon the Comptroller of the Currency,* 967 F.2d 630, 634 (D.C.Cir.1992).

The court finds that the release of documents to the FCA at the FCA's request were privileged communications in their own right which are not the subject for discovery.

### C. No Waiver of Applicable Privileges

 Even if the communications between WFCB and the FCA were not privileged in and of themselves, WFCB having met its burden of establishing that the documents are indeed privileged attorney-client communication, the court considered whether showing the documents to the FCA effected any waiver of the privilege. Rule 511 of the Hawaii Rules of Evidence provides that the lawyer-client privilege is waived if the holder of the privilege "voluntarily discloses or consents to disclosure."

Plaintiff contends that by sharing documents with the FCA, WFCB waived any lawyer-client privilege which might inhere in the documents. For this proposition, Plaintiff has cited precedent where disclosures to the SEC were deemed voluntary, resulting in waiver of the relevant privileges. *In re Steinhardt Partners, L.P.,* 9 F.3d 230 (2d Cir. 1993); *Westinghouse Electric Corp. v. Republic of the Philippines,* 951 F.2d 1414 (3d Cir.1991); *Permian Corp. v. United States,* 665 F.2d 1214 (D.C.Cir.1981). In *Permian,* the disclosure was self-serving—the disclosing party provided documents to the SEC in order to expedite· the approval of a registration statement. *Permian,* 665 F.2d at 1219–20. The disclosure in *Steinhardt* was made as part of an SEC investigation of the trea-

sury notes markets. Noting that the SEC was in an adversarial position to the producing party, the court held that the privilege was waived by the disclosure which was neither coerced or required by the SEC. *In re Steinhardt*, 9 F.3d at 234. In *Westinghouse*, the Third Circuit Court of Appeals found privileges waived by disclosure to the SEC and also by disclosure to the Department of Justice. The DOJ sought documents from Westinghouse via a grand jury subpoena. Westinghouse initially opposed the subpoena and moved for it to be quashed. Subsequently, Westinghouse withdrew its motion to quash and produced the documents subject to a confidentiality agreement with the DOJ. The *Westinghouse* court noted that, had Westinghouse persisted in its objection to the subpoena and produced the documents only upon an order to do so, it would not have considered such disclosure voluntary. *Westinghouse*, 951 F.2d at 1427 n. 14.

Upon review of the circumstances surrounding WFCB's disclosure to the FCA, the court is convinced that the disclosures were not voluntary. The documents were shared with the FCA upon its authority as the bank examiner of WFCB. The FCA has federal authority to access all of WFCB's records and files. 12 C.F.R. 602.215(a). Whereas the FCA's access cannot be refused, under pain of the agency's power to compel access and sanction misconduct, compliance is not voluntary. WFCB's compliance with the FCA's requests for documents is more akin to the situation had Westinghouse continued in its objection to the grand jury subpoena. The court is not persuaded that the line of cases concerning disclosures to the SEC are authoritative on the facts presented in this case.

The court finds that Defendant has established that documents withheld from production to Plaintiff are in fact attorney-client communications which remain privileged where the disclosure to the FCA was not voluntary or consensual. Defendants are entitled to refuse discovery of those documents.

II. *Joint Defense Privilege/WFCB and HSC*

Defendant contends that documents concerning communications between WFCB and HSC under the threat of a lawsuit against them both by RC are privileged from discovery pursuant to the joint defense privilege arising from Rule 503(b)(3) of the Hawaii Rules of Evidence.

Rule 503(b) provides that:

> [a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client ... (3) by the client or the client's representative or the lawyer or a representative of the lawyer to a lawyer or a representative or a lawyer representing another party in a pending action and concerning a matter of common interest....

Haw.Rev.Stat. § 626–1, Haw.R.Evid. 503(b).

A. *RC Threatened Suit and Lis Pendens*

Defendant described for the court the underlying dispute between RC, WFCB and HSC as follows. Subsequent to a failed land sale by HSC to RC, RC threatened to sue HSC *and* WFCB for damages and to place a *lis pendens* on the property. Defendant argues that the dispute between RC, WFCB and HSC presented a significant threat to the prompt disposition of the subject property, which property was of substantial value to the financially distressed HSC and its lender, WFCB. Under this significant threat to their common interest, WFCB and HSC cooperated to settle the dispute with RC without RC having ever filing a lawsuit.

The documents at issue in this discovery dispute include notes from meetings between WFCB, HSC, and their attorneys as well as letters and memoranda by HSC attorneys to HSC and WFCB and its attorneys and from WFCB's attorneys to HSC's attorneys. These documents were not disclosed to RC.

B. *No "Pending Action"*

██ The so-called joint defense privilege, codified at Rule 503(b)(3), is available only in the context of a "pending action and concerning a matter of common interest." Plaintiff does not argue that the dispute between RC and WFCB and HSC was not a "matter of

common interest" as between WFCB and HSC. However, Plaintiff argues vigorously and properly that the dispute does not satisfy the statutory requirement of a "pending action" to establish the joint defense privilege. As discussed at section I., above, this court must construe the relevant privilege narrowly, to the purpose for which it exists. *E.g., DiCenzo v. Izawa,* 68 Haw. at 535, 723 P.2d at 175. There is an absence of Hawaii case law on the meaning of "pending action" as used in Rule 503(b)(3). However, this court is persuaded that the plain and obvious meaning of "pending action" does not encompass the pre-litigation settlement "communications" between WFCB and HSC.

▮ Defendant bears the burden of establishing that it is entitled to the joint defense privilege. Defendant urges the court to consider the several federal and state cases cited by Defendant, in the absence of Hawaii state court decisions on point. The court has reviewed the cases cited by Defendant and find that none influence the court's understanding of "pending action"; "pending action" requires the institution of legal proceedings and does not include pre-litigation settlement efforts. *E.g., Continental Oil Co. v. United States,* 330 F.2d 347, 350 (9th Cir.1964) (quashing grand jury subpoenas of attorneys' memoranda concerning witness-client testimony before grand jury); *Hunydee v. United States,* 355 F.2d 183, 185 (9th Cir.1965) (following rule in *Continental Oil* that pre-indictment admissions to co-defendant's counsel privileged).

▮ Whereas the attorney-client privilege may apply to communications between an attorney and his client, regardless of whether litigation has begun or is even contemplated, the Hawaii statue clearly places additional requirements upon the joint defense privilege: there must be a "pending action." *Cf.,* 8 John Henry Wigmore, *Wigmore on Evidence* § 2294 (McNaughton rev. 1961).

The case most relevant to the issue before this court is *Ryals v. Canales,* 767 S.W.2d

226, 229 (Tex.Ct.App.1989). In *Ryals* the Texas Court of Appeals conditionally granted a writ of mandamus to vacate an order directing production of documents for which . the joint defense privilege was claimed. The *Ryals* holding only permitted parties to assert the privilege on remand.[3] The Texas rule interpreted in *Ryals* is essentially the same as Hawaii's Rule 503(b)(3).

The facts of *Ryals* differ in a significant manner from the background in this case. In *Ryals,* there were essentially three parties: McRoberts, Ryals, and Mazda. McRoberts had sued Ryals and Mazda for damages arising from an automobile accident. McRoberts reached a settlement with Ryals, which settlement was reduced to a judgment. The judgment was subsequently set aside and Ryals rejoined the lawsuit. McRoberts sought to reinstate the original judgment by bill of review and Mazda filed a plea of intervention as to the bill of review; two months later Mazda's plea of intervention was stricken. Ryals then filed a third party complaint against Mazda. After the third party complaint was filed, but before it too was stricken, Ryals filed a motion for protective order from subpoenas duces tecum served upon Ryals and Ryals' attorney. The Texas Supreme Court issued the writ of mandamus so that Ryals could assert the joint defense privilege because, despite the third party complaint, Mazda and Ryals had similar interests aligned against McRoberts and that Mazda, though ultimately denied its opportunity to intervene, was attempting to do so during the time some of the contested communications took place.

In this matter, HSC and WFCB were never a party to an ongoing lawsuit by RC. HSC and WFCB had not sought to initiate an action or intervene in one against RC. The court finds that insofar as RC had merely threatened litigation and the filing of a *lis pendens* and had made the threat to both WFCB and HSC, these factors are not sufficient to establish a "pending action ... con-

---

3. "We do not purport to rule on the merits of Ryals or Mazda's claim of joint defense. We hold only that under the facts of this case, Ryals was not precluded from asserting the claim that his communications with Mazda were protected from discovery because of the joint defense privilege." *Id.* at 229.

cerning a matter of common interest" for the purposes of Rule 503(b)(3).

The court ORDERS WFCB to produce those documents or those portions of documents for which it claims a joint defense privilege pursuant to Rule 503(b)(3). This Order does not require WFCB to produce documents or those portions of documents for which another independent privilege or immunity from discovery has been properly asserted.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, April 15, 1996.